FILED
United States Court of Appeals
Tenth Circuit

**June 18, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL DOYLE,

      Plaintiff - Appellant,

v.

BILL RITTER, JR., Governor;
ARISTEDES W. ZAVARAS,
Executive Director; KEVIN
MILYARD, Warden; CHAPDE LANE,
Associate Warden,

      Defendants - Appellees.

No. 09-1101
(D.C. No. 09-CV-00066-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

---

Plaintiff-Appellant Michael Doyle, an inmate appearing pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. Mr.

Doyle sought damages based upon three claims—retaliation, denial of access to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

courts, and embezzlement.  1 R. Doc. 7 (Amended Complaint).  The district court

found the claims to be frivolous, and dismissed the complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).  Doyle v. Ritter, No. 09-cv-00066-BNB, 2009 WL

581545, at *3 (D. Colo. Mar. 5, 2009).

When a district court dismisses a complaint for frivolousness pursuant to 28

U.S.C. § 1915(e)(2)(B), we generally review for an abuse of discretion.  Fogle v.

Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).  "However, where the

frivolousness determination turns on an issue of law, we review the determination

*de novo*."  Id.  In order to determine whether the pro se complaint is frivolous, we

must ask whether it "lacks an arguable basis either in law or in fact."  Id. (internal

quotation marks omitted).  Further, in conducting this inquiry, we will construe

the complaint liberally because Mr. Doyle appears pro se.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).

Mr. Doyle argues that prison officials retaliated against him for filing two

prior lawsuits by denying him sufficient free envelopes to mail documents to the

court and then disciplining him for his conduct when he confronted prison law

library staff over the issue.  1 R. Doc. 7 at 4; Pro Se Memorandum at 5-6.  He

also contends that he was denied access to the courts because he was not provided

sufficient free materials and because he was forced to choose between recreation

time and law library time given that the hours of operation coincided.  1 R. Doc. 7

at 5; Pro Se Memorandum at 2-4.  Finally, Mr. Doyle claims that prison officials

embezzled his funds. 1 R. Doc. 7 at 6; Pro Se Memorandum at 10.

These claims were properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). On his retaliation claim, Mr. Doyle failed to explain how the named defendants were personally involved in retaliating against him despite having been advised that he would need to do so. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007); see Doyle, 2009 WL 581545, at *2. Mr. Doyle is simply incorrect insofar as he argues that he has demonstrated personal participation by showing that the named defendants received a copy of the complaint or exercised general supervisory capacity; rather, there must be an affirmative link between the named defendant and the alleged constitutional violation. See Poolaw v. Marcantel, 565 F.3d 721, 732-33 (10th Cir. 2009). As to the denial of access claim, Mr. Doyle did not allege any actual injury to his ability to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-55 (1996). Finally, the facts alleged by Mr. Doyle simply do not support a claim of embezzlement. Accordingly, Mr. Doyle's claims are legally frivolous. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989).

We DISMISS the appeal. All pending motions are DENIED. Mr. Doyle is ORDERED to make full payment of the unpaid balance due on the filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 3 -