FILED
United States Court of Appeals
Tenth Circuit

February 5, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

---

MICHAEL DOYLE,

        Plaintiff - Appellant,

    v.

MARTIN F. EGELHOFF, Judge,
Denver District Court; ROBERT L.
McGAHEY, JR., Judge, Denver
District Court; BARRETT WEISZ,
Reg. No. 27601, Head Chair, Public
Defender; T. MARSHAL SEUFERT,
Reg. No. 29850, Second Chair, Public
Defender; EDWARD A. PLUSS, Reg.
No. 10648, Conflict Free Counsel;
ROBERT P. BORQUEZ, Reg. No.
2302, Conflict Free Counsel;
ARTURO G. HERNANDEZ, Reg. No.
26096, District Attorney;
CHRISTOPHER G. PENNY, Reg. No.
26210, District Attorney,

        Defendants - Appellees.

No. 09-1523

(D. Colorado)

(D.C. No. 09-CV-02327-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

    [*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Michael Doyle, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 action, on the ground that it is "frivolous or malicious," and it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). For the following reasons, we affirm. We also find this appeal frivolous under § 1915(e)(2)(B)(i) and we therefore assess a strike against Mr. Doyle under the Prison Litigation Reform Act ("PLRA").

Mr. Doyle was arrested in March 2001, ultimately pled guilty to second degree murder, and was sentenced to eighteen years' imprisonment. He is currently a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. He filed the instant § 1983 action against two state court judges who presided over his case at different stages, four attorneys who represented him at various times, and the two prosecutors involved in his case, alleging that his constitutional rights were violated during the course of the state court criminal proceedings against him, and he sought damages as relief.

More specifically, Mr. Doyle argued three issues in federal district court: his constitutional rights were violated because (1) he was denied a probable cause hearing after his arrest on March 8, 2001, and he did not make an initial appearance before a legal tribunal until June 14, 2001; (2) he was denied the opportunity to file a direct appeal; and (3) he was actually incompetent at the time of his trial and guilty plea. As indicated, the named defendants in the case were the state court judge who presided over Mr. Doyle's criminal case and his motion to withdraw his guilty plea, the state court judge who presided over his post-conviction Rule 35(c) motion, two public defenders, two private attorneys who apparently were appointed to represent Mr. Doyle, and two deputy district attorneys who handled various aspects of Mr. Doyle's criminal case. Neither in the district court nor on appeal has Mr. Doyle provided specific factual allegations regarding how each defendant personally participated in the three specific claims regarding the denial of his constitutional rights.[1]

---

[1]At the time the district court entered its order of dismissal in this case, it noted that Mr. Doyle had an application for a writ of habeas corpus pending in the district court. See Doyle v. Archuleta, No. 07-cv-01358-PAB-KMT (D. Colo., filed June 28, 2007). That habeas petition was subsequently dismissed in the district court, and is pending on appeal in this court. See Doyle v. Archuleta, No. 10-1013 (10th Cir. filed, Jan. 20, 2010). The petition raised two of the same claims argued in the instant application.

Furthermore, this court recently affirmed the dismissal of yet another 42 U.S.C. § 1983 action by Mr. Doyle, in which he sought damages based upon claims of retaliation, denial of access to the courts, and embezzlement. The district court found those claims to be frivolous, and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We dismissed the appeal, stating that

(continued...)

The district court concluded that "Mr. Doyle may not sue any of the named Defendants in this action for the alleged constitutional violations because each of the named Defendants either is entitled to immunity or may not be sued pursuant to § 1983." Order at 3, R. Vol. 1 at 30. The district court also denied as moot a pleading filed by Mr. Doyle and labeled "Injunction or Tro," in which he asked the court to order the Department of Corrections to provide him with the photocopies necessary to file this action. The district court also denied Mr. Doyle leave to proceed on appeal *in forma pauperis* because Mr. Doyle "has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Order, R. Vol. 1 at 36.

This appeal followed, in which Mr. Doyle again argues that he was denied a probable cause hearing and his appearance before a legal tribunal was delayed; that he was incompetent at the time of his trial and guilty plea; and that the judges, attorneys and other individuals are properly named defendants, subject to suit. He has also filed a pleading labeled "Injunction or TRO," as well as a pleading labeled "Addendum" to the "Injunction or TRO," both of which have been referred to us for disposition. In these documents, Mr. Doyle seeks an "injunction or TRO and Order to have DOC comply with indigent photocopys and

---

[1](...continued)
the claims were legally frivolous. See Doyle v. Ritter, 334 Fed. Appx. 164 (10th Cir. June 18, 2009) (unpublished).

-4-

supplies for legal work, so inmates are actually allowed supplies." Injunction or TRO at 2.

The district court's order dismissing this action explained why the various defendants were either entitled to immunity or were otherwise not subject to suit under § 1983. It further explained why Mr. Doyle's claims against his defense attorneys were legally frivolous and subject to dismissal for that reason. Accordingly, we affirm the district court's order of dismissal, for substantially the reasons set forth in its decision. We also affirm the dismissal of Mr. Doyle's pleadings labeled "Injunction or TRO" and "Addendum."

This appeal is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dismissal of Mr. Doyle's appeal as frivolous counts as a strike against him, as does the district court's dismissal of his complaint. See 28 U.S.C. § 1915(g); Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). Mr. Doyle now has three strikes under the PLRA, and is subject to the filing bar contained in § 1915(g). All pending motions are DENIED, including Mr. Doyle's request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-5-