**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JOSEPH OWENS-EL,

Petitioner-Appellant,

v.

JEFFREY KOSTAR, United States
Parole Commission Examiner,
UNITED STATES PAROLE
COMMISSION, DERR, Case
Manager, HAYGOOD, Counselor, and
WILEY, Warden,

Respondents-Appellees.

No. 06-1444

(D. of Colo.)

(D.C. No. 06-CV-1517-BNB)

**ORDER AND JUDGMENT**[*]

Before **HENRY, TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

This is a pro se 28 U.S.C. § 2241 appeal brought by James Joseph Owens-

El, a federal prisoner.  In his § 2241 application, Owens-El apparently challenges

a decision by the United States Parole Commission denying him release on parole.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

The magistrate judge who reviewed the petition found that Owens-El failed to set forth clearly and concisely the claims he is asserting and ordered Owens-El to file an amended complaint that (1) alleges for each asserted claim, clearly and concisely, which of his constitutional rights have been violated and how that right has been violated, and (2) clarifies how he has exhausted administrative remedies for each of his claims. Although Owens-El filed an amended § 2241 application, the district court determined that it failed to comply with the magistrate judge's order and also failed to comply with Federal Rule of Civil Procedure 8(a). The district court denied the application and dismissed the action without prejudice in an order and judgment dated September 15, 2006.

Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." *Fed. R. Civ. P. 8(a)*. After reviewing Owens-El's 139-page amended habeas petition, we cannot avoid the conclusion that it falls far below Rule 8(a)'s requirements. Accordingly, for the reasons set forth in the district court's well-reasoned order and judgment, we AFFIRM the denial and dismissal of Owens-El's habeas petition. We also DENY any and all pending motions related to this matter.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge