**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN NASIOUS,

      Plaintiff-Appellant,

v.

TWO UNKNOWN B.I.C.E. AGENTS,
at Arapahoe County Justice Center,
GEORGE W. BUSH, President of the
United States; TOM RIDGE, Secretary
of the United States Department of
Homeland Security; ALBERTO
GONZALES, United States Attorney
General; UNITED STATES
DEPARTMENT OF JUSTICE; JEFF
COPP, Regional Director (Denver),
United States Department of Homeland
Security Immigration and Customs
Enforcement; AGENT MICHAEL
WHEELER; AGENT DEVALUE
CUMMINGS; AGENT EDDIE
SANCHEZ; AGENT FRANK LEE;
JOHN HICKENLOOPER, City and
County of Denver Mayor; CITY AND
COUNTY OF DENVER BOARD OF
COUNTY COMMISSIONERS; UNDER
SHERIFF LOVINGER, Director of
Corrections, Denver City and County
Jail; SHERIFF STRONG; NURSE
ROSIE; BETH LINDROSS; DR.
CRUM; DR. HIRSH; SHERIFF
FISHER; CAPTAIN BLAIR; CHIEF
WILSON, Formerly Lt. Wilson; NURSE
JOE; CORRECTIONAL HEALTH
CARE MANAGEMENT; DR. SOLIS,
CMS; DR.SCHLEGAL, CMS;

No. 07-1105

DR. SATHER, CMS; ED CILMOR, Aramark Correctional Services; ARAMARK CORPORATION; JOSEPH NEUBAUER; CEO, Philadelphia, Pennsylvania; JOSEPH ORTIZ, Colorado Department of Corrections; DIRECTOR JEANEENE MILLER, Colorado Department of Corrections of Adult Parole Community Corrections and YOS; DIVISION OF ADULT PAROLE, Central Sherman Office; NATALIE KIRKLAND, Parole Officer; JOHN DOE AND JANE DOE 1-100; ALL KNOWN DEFENDANTS CURRENTLY NOT KNOWN BY NAME BUT WILL BE IDENTIFIED AND ADDED AT A LATER DATE; DENVER CITY JAIL SGT. SULLIVAN; SHERIFF JOHN DOE, Denver City Jail; DENVER CITY JAIL SHERIFF GUZMAN; RANDY PYE, Mayor of Centennial; ARAPAHOE COUNTY BOARD OF COMMISSIONERS; LYNN MYERS; BERNIE ZIMMER; ARAPAHOE COUNTY DETENTION FACILITY; SHERIFF J. GRAYSON ROBINSON; JOHN DOE AND JANE DOE 1-100; SGT. GROSKRUGER; SHERIFF HANSON; ELAINE MEYERS, R.N., H.S.A., and complete medical staff 1-50,

       Defendants-Appellees.

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 06-cv-01765-ZLW)**

- 2 -

Mr. John Nasious, *pro se*.

Before **LUCERO, HARTZ,** and **GORSUCH**, Circuit Judges.

**GORSUCH**, Circuit Judge.

John Nasious, an inmate in the custody of the Colorado Department of Corrections, appeals the dismissal of his civil rights complaint for damages under 28 U.S.C. § 1983. Mr. Nasious initiated this lawsuit in October 2006, naming at least 20 individual defendants, as well as scores of John and Jane Doe defendants, in a 42-page complaint that is, through much of the document, often difficult to comprehend.

In response, the federal magistrate judge overseeing the case entered an order indicating that Mr. Nasious's pleading did not comply with the requirements of Federal Rule of Civil Procedure 8 which, among other things, instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e); *see also* Fed. R. Civ. P. 8(a), 12(e). While recognizing that Rule 8's language is perhaps more aspirational than descriptive of pleading practice, the magistrate judge not unreasonably found that Mr. Nasious's pleading fell far short of what is required under even a liberal construction of the Rule. Accordingly, he advised Mr. Nasious to present his claims in a "manageable format that allows the court and the [d]efendants to know what claims are being asserted," such that

each defendant might be able to discern how he or she "participated in the asserted constitutional violations." Mag. J. Order of Oct. 13, 2006 at 3. The magistrate judge also directed Mr. Nasious to demonstrate that he had exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a).[1] Finally, the magistrate judge's order informed Mr. Nasious that if he did not file an amended complaint "that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice." *Id.* at 5.

Mr. Nasious filed a timely amended complaint adding at least 22 new defendants and running some 63 pages. No model of clarity, and arguably worse than its predecessor in some respects, Mr. Nasious's amended pleading nonetheless represented an improvement in others – for example, Mr. Nasious managed to shorten the statement of his claims from 17 pages to 11 and he added several new pages aimed at demonstrating that he had indeed exhausted his administrative remedies. Docket Entry No. 13 (Am. Compl.). Construing Mr. Nasious's filings generously and with the leniency due *pro se* litigants, *see Erickson v. Pardus*, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), it appears Mr. Nasious aims to

_____

[1] The magistrate judge entered his order to amend prior to the Supreme Court's decision holding that the exhaustion requirement under the Prison Litigation Reform Act of 1995, *see* 42 U.S.C. § 1997e (requiring prisoners to exhaust prison grievance procedures before filing suit), is an affirmative defense. *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 921 (2007). Accordingly, inmates are no longer required to specifically plead or demonstrate exhaustion in their complaints. *Id.*

state claims for (at least) false imprisonment and a violation of due process, on the ground that he is a United States citizen being held pursuant to an unlawful immigration detainer, *see* Am. Compl. at 21-23, 25-26; violations of his right to practice his religion, based upon his detention facility's failure to prepare a kosher diet, among other things, *see id.* at 31-33; and deliberate indifference to his medical needs, in violation of the Eighth Amendment, *see id.* at 37.

The district court dismissed the amended complaint, holding that Mr. Nasious continued to fail "to provide a clear and concise statement of each claim that identifies the constitutional right that allegedly has been violated and that includes specific facts alleging how the [d]efendant or [d]efendants linked to each claim personally participated in the asserted constitutional violation." D. Ct. Order of Jan. 31, 2007 at 4. And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.[2] On Mr. Nasious's subsequent motion, the district court found Mr. Nasious's proposed appellate arguments meritless and denied him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3). *See* D. Ct. Order

_____

[2] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

of Mar. 28, 2007 at 1.  Mr. Nasious now appeals the dismissal of his lawsuit and renews his request for leave to proceed *in forma pauperis*.

We review dismissals under Rule 41(b) for abuse of discretion.  *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979).  But what we consider compliant with this standard depends in great measure on the nature of the district court's dismissal – that is, whether dismissal was ordered with or without prejudice to subsequent attempts at amendment.  Because the district court in this case did not specify the nature of its dismissal order, we must rely on background principles under Rule 41(b), and they firmly instruct that "[u]nless the court in its order for dismissal otherwise specifies," a district court's dismissal will be treated as adjudicating the merits of the action – and thus a dismissal *with* prejudice.  *See* Fed. R. Civ. P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.  *See Petty*, 591 F.2d at 617; *accord Ciralsky v. C.I.A.*, 355 F.3d 661, 669-71 (D.C. Cir. 2004).[3]

---

[3] In numerous unpublished decisions, we have affirmed district courts' dismissals of actions without prejudice for failure to comply with Rule 8 under our basic abuse of discretion standard.  *See, e.g.*, *Owens-El v. Kostar*, No. 06-1444, 2007 WL 867174, at *1 (10th Cir. Mar. 23, 2007) (unpub.); *Frazier v.*

(continued...)

Dismissing a case with prejudice, however, is a significantly harsher remedy – the death penalty of pleading punishments – and we have held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria. *See Olsen*, 333 F.3d at 1204; *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002); *see also Ciralsky*, 355 F.3d at 669-70 (discussing the "harsh sanction" of dismissal with prejudice as opposed to dismissal without prejudice). Specifically, "[t]hese criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)); *see also Gripe*, 312 F.3d at 1188 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (same) (hereinafter, the "*Ehrenhaus* factors").[4]

_____

[3](...continued)
*Ortiz*, No. 06-1286, 2007 WL 10765, at *1-*3 (10th Cir. Jan. 3, 2007) (unpub.); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpub.); *Abdelsamed v. United States*, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (unpub.).

[4] While we have not previously held in a published opinion these factors applicable to a dismissal with prejudice for failure to comply with Rule 8, we have applied them in numerous other similar scenarios under Rule 41(b). *See, e.g., Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (failure to comply with local rule requiring timely response to any motion); *Olsen*, 333 F.3d at 1204 (dismissal for failure to comply with Fed. R. Civ. P. 4(i) and for failure to comply with court's orders to perfect service under that rule); *Reed v. Bennett*, 312 F.3d

(continued...)

Having reviewed the record, we find no indication that the district court considered the *Ehrenhaus* factors before dismissing Mr. Nasious's case. Though we can of course affirm a district court's dismissal based on our own independent assessment of its legal propriety, we find ourselves unable to do so in this case.

To be sure, we readily see that the first two of the *Ehrenhaus* factors are met. This court has long recognized that defendants are prejudiced by having to respond to pleadings as wordy and unwieldy as Mr. Nasious's pleading remains. *See, e.g.*, *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). We have also previously observed the disadvantages to the administration of justice imposed in circumstances like these; district judges assigned the task of measuring legal pleadings against certain criteria embodied in Rule 12(b), Rule 56, and the like, have their task made immeasurably more difficult by pleadings as rambling, and sometimes incomprehensible, as Mr. Nasious's. *See, e.g.*, *Mann*, 477 F.3d at 1148.

Our inability to affirm arises from our concern over the application of the remaining three *Ehrenhaus* factors. The notice and culpability tests are in some sense the opposite sides of the same coin in this context, for the culpability of a

---

[4](...continued)
1190, 1193 (10th Cir. 2002) (dismissal pursuant to local rule based on failure to file a timely response to summary judgment motion); *Gripe*, 312 F.3d at 1188 (dismissal for failure to appear at a pretrial or scheduled conference and for failure to file amended complaint pursuant to court's order).

*pro se* litigant for filing a still-prolix amended complaint depends in great measure on the usefulness of the notice he or she has received from the court about what is (and is not) expected in an initial pleading.[5] Here, the court surely put Mr. Nasious on notice that he needed to present a short and plain amended complaint, but we question whether, consonant with our obligations to *pro se* litigants who are not expected to understand what recitations are legally essential and which are superfluous, the court's order in these circumstances usefully might have included some modest additional explanation, aimed at the lay person, describing what judges and lawyers mean when speaking of a short and plain statement consistent with Rule 8. For example, a district court might helpfully advise a *pro se* litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. After all, these are, very basically put, the elements that enable the legal system to get weaving – permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits. *See generally Erickson*, 127 S. Ct. at 2200; *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S. Ct. 1955, 1964-74 (2007); *Swierkiewicz v.*

---

[5] The same cannot be said of the represented litigant, for we expect counsel to know the pleading rules of the road without being given personal notice of them by the district court. Our concern here is with the *pro se* litigant unschooled in the law. *See Erickson*, 127 S. Ct. at 2200; *Andrews*, 483 F.3d at 1076-78.

*Sorema N.A.*, 534 U.S. 506, 508 (2002).  In all events, the more helpful the notice, it seems to us, the greater the culpability a *pro se* litigant bears in noncompliance and the notice before us, while giving rise to a degree of culpability, perhaps did not go as far as it might have done to inform Mr. Nasious of the nature of Rule 8's mandate.

Likewise, with the final factor of the *Ehrenhaus* test, we see no indication that the district court considered the practicability of alternatives to dismissing Mr. Nasious's cause with prejudice, such as dismissal without prejudice or perhaps partial dismissal, leaving intact any claims that are adequately stated (if any exist).  We are particularly concerned with attention to this aspect of *Ehrenhaus* when a party, like Mr. Nasious, appears *pro se*, having previously explained that in such cases, "the court should carefully assess whether it might appropriately impose some sanction other than dismissal [with prejudice], so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3.

For the foregoing reasons, we reverse the district court's dismissal with prejudice and remand for further proceedings consistent with this opinion; having found Mr. Nasious's appeal meritorious, we grant his application to proceed *in forma pauperis*.

*So ordered*.