FILED
United States Court of Appeals
Tenth Circuit

February 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DON ALTON HARPER,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
F.C.I. (Englewood's Health Admin.);
BUREAU OF PRISONS, (actually
named as Bureau of Prisons); MARK
IPPOLITO, Health Service Admin.,

        Defendants - Appellees.

No. 07-1450

(D. Colorado)

(D.C. No. 1:07-cv-01678-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

On July 30, 2007, Don Alton Harper, a federal prisoner, filed in the United

States District Court for the District of Colorado a pro se complaint under the

Federal Torts Claims Act, along with a motion and affidavit for leave to proceed

*in forma pauperis* under 28 U.S.C. § 1915. On August 27, 2007, a magistrate

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judge granted his motion to proceed under § 1915 and directed him to pay an initial $21.00 partial filing fee within 30 days of the order or to show cause why he was unable to pay the fee. The order warned Mr. Harper that failure to pay the fee, or to show cause why he could not, would result in the dismissal of his complaint. On October 4, 2007, 38 days after the order, the district court filed an order dismissing Mr. Harper's complaint without prejudice for failure to comply with the prior order. Mr. Harper appeals.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to comply with a court order. We review such a dismissal for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). If the dismissal is *without* prejudice, the court need not follow "any particular procedures." *Id*. at 1162.

The record shows no abuse of discretion. The magistrate judge ordered Mr. Harper to make a partial payment within 30 days, or show cause why he could not, and Mr. Harper failed to comply. The order clearly informed him that if he failed to comply with the order, his "Prisoner Complaint *will be dismissed* without further notice." R. Doc. 9 at 2 (emphasis added). The district court did not dismiss the complaint until more than 30 days had passed. Mr. Harper does not argue on appeal that he was not informed of the possibility of dismissal or that he could not respond to the magistrate judge's order. Indeed, he provides no reason whatever for his failure to comply.

We AFFIRM the district court's dismissal of the complaint.  Because the

appeal is frivolous, we deny the motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge