**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUDY STANKO, individually and on
behalf of similarly situated prisoners,

Plaintiff-Appellant,

v.

BLAKE DAVIS, individually and in
his official capacity as a Warden;
MICHAEL K. NALLEY, individually
and in his official capacity as Regional
Director; HARLEY LAPPIN,
individually and in his official
capacity as Director; DEFENDANTS
1X THROUGH 6X, individually and
in he/she's [sic] official capacity,

Defendants-Appellees.

No. 08-1094
(D.C. No. 1:07-CV-01791-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rudy Stanko appeals from the district court's order dismissing his case without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Mr. Stanko's complaint adequately affords each named defendant with notice of the nature of the claims against him, we cannot help but conclude that it complies with Rule 8 and so we reverse and remand for further proceedings.

\* \* \*

Mr. Stanko, a federal prisoner proceeding pro se, filed a complaint in district court against Blake Davis, Michael Nalley, Harley Lappin, and six unnamed defendants. He voluntarily filed an amended complaint a few weeks later. The magistrate judge then entered an order directing Mr. Stanko to file a second amended complaint that complied with Rule 8. The order explained that

> [i]n both the original complaint and the amended complaint, Mr. Stanko refers the Court to a "main complaint," . . . for the facts in support of his claims. However, Mr. Stanko fails to make clear what, if any, document he considers to be his main complaint. He also fails to make clear what claim is asserted pursuant to which statute. He further fails to make clear what each defendant did to violate his constitutional rights and which constitutional rights were violated.

R. Doc. 26 at 2-3.

Mr. Stanko then filed a second amended complaint (the "Complaint"). He alleged, among other things, that defendants violated his constitutional rights by impeding his access to the courts and then retaliated against him for filing

administrative complaints by throwing him in the "hole," which involves "extreme isolation, enforced idleness and deprivation of virtually all meaningful environmental stimulation;" and subjecting him to "diesel therapy," which is "being on the road for several weeks at a time in shackles and chains" (he explained that he was shipped over 2,000 miles from Englewood, Colorado to Oklahoma City, Oklahoma, then to Terre Haute, Indiana, and then to Sandstone, Minnesota). *Id*. Doc. 29 at 3B ¶20, 3D ¶34, and 3F ¶43.

Mr. Stanko presented his factual allegations in seven pages with forty-four numbered paragraphs in the "Nature of the Case" section and then presented eight claims in four pages in his "Cause of Action" section. The district court noted that Mr. Stanko did attempt to make clear what claim was asserted pursuant to which statute, but the court found that "[Mr. Stanko] still fails to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims." *Id*. Doc. 30 at 4. Specifically, the district court observed that

> Mr. Stanko places the majority of his factual allegations in the section on "Nature of the Case." He then refers to those allegations in some claims by citing to numbered paragraphs, e.g., claims one, three, four, five, and six, and in other claims fails to do so, e.g., claims two, seven, and eight. In the claims in which he fails to cite to numbered paragraphs, he apparently expects Defendants to review the section on the "Nature of the Case" to determine which facts apply to those claims and against which Defendants those claims are being asserted.

*Id.* The district court explained that Mr. Stanko "may not reference a separate section for his factual allegations if by doing so he fails to present his claims in a manageable format," and concluded that Mr. Stanko's Complaint failed "to set forth a short and plain statement of his claims showing that he is entitled to relief." *Id.* The district court then sua sponte dismissed the Complaint and the action without prejudice for failure to comply with the pleading requirements of Rule 8. This appeal followed.

\* \* \*

We review for abuse of discretion the district court's decision to dismiss an action for failing to comply with Rule 8. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

In assessing a claim that the district court abused its discretion, we are mindful that "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quotations and ellipsis omitted). Rule 8 requires also that pleadings "be construed so as to do justice." Fed. R. Civ. P. 8(e). Moreover, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quotations and citation omitted).

Mr. Stanko argues that his Complaint was in compliance with the magistrate judge's order and met the standards required by Rule 8; his Complaint adequately put the defendants on notice of their misconduct; and the district court abused its discretion by applying a pleading standard more stringent than should be applied to a pro se litigant.

Defendants respond that the district court did not abuse its discretion in dismissing the Complaint on Rule 8 grounds because "[t]he [Complaint] did not provide the named defendants with adequate notice of the claims against them, thereby inhibiting their ability to prepare a defense." Aplee. Br. at 10. Specifically, defendants argue that

> [t]he second, seventh and eight[h] claims, and the majority of the first claim, are brought collectively against "defendants," but the "Nature of the Case" section of the [C]omplaint does not identify with certainty what, if any, actions or omissions each defendant committed that gave rise to each claim. Rather, the vast majority of the "Nature of the Case" simply casts "defendants" as committing various acts.

*Id*. at 12 (citing to numbered paragraphs in the Complaint). Defendants contend they "were unable . . . to discern the basis for [Mr. Stanko's] allegations or against whom he directed the charges of wrongdoing." *Id*.

We are unable to agree with the district court and defendants' characterization of the Complaint. A review of Mr. Stanko's Complaint clearly

reveals sufficient information to provide each individual defendant with notice of the allegations against him. The challenged conduct of Defendant Davis is identified in ¶¶ 13, 16, 18, 31, 34, 35, 37, 42, and 44; likewise, the conduct of Defendant Nalley is identified in ¶¶ 21, 34, 35, 37, and 42; and the conduct of Defendant Lappin is identified in ¶¶ 34, 35, 37, and 42. *See* R. Doc. 29 at 3A-3F. Moreover, at the end of the "Nature of the Case" Mr. Stanko provides two paragraphs that summarize his claims against each individual defendant. In ¶37 he alleged:

> Defendants Davis, Nalley and Lappin have denied my challenges (administrative complaint numbered 467532) in a conspiracy (42 USC § 1985) in violation of the Constitution (1st, 5th, 9th, 10th and 14th amendments); their own rules and regulations (P.S. 5100.08 & 28 CFR § 551.90); and the law of Congress (stated in the causes of action), all in retaliation for the Plaintiff's attempts to exercise his due process rights to gain meaningful access to the courts, and/or in retaliation for his religious convictions and beliefs.

*Id*. at 3E. In ¶42 he alleged:

> Defendants Nalley and Lappin approved the actions of defendant Davis, which permitted the minimum security Plaintiff to be given a dose of diesel therapy of being on the road in shackles and chains for two and one-half weeks for a distance of over 2,000 miles, and placed in "the hole" at Oklahoma City; Terre Haute, Indiana; Oxford, Wisconsin in retaliation for activities which were protected by the 1st and 5th Amendments; Bureau of Prisons' Program Statement 5100.08; Title 18 US[C] § 3621(b)(4)(A)(B); Title 42 USC §§ 12131-12134; Federal Rule 38(b) of Criminal Procedure; and Federal Rule 23(a) of Appellate Procedure.

*Id*. at 3F.

We express no view concerning the merits of Mr. Stanko's action, but we cannot help but conclude that his Complaint satisfies Rule 8's mandate and adequately provides each defendant with notice of the nature of the claims against him. Accordingly, the district court erred in dismissing this action sua sponte at this preliminary stage, and we reverse the district court's dismissal of Mr. Stanko's Complaint and remand for further proceedings consistent with this order and judgment. We grant Mr. Stanko's application to proceed *in forma pauperis* and remind him that he must continue making partial payments from his prison account until the filing fee is paid in full.

Entered for the Court


Neil M. Gorsuch
Circuit Judge