**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LESLIE LOVE,

      Petitioner - Appellant,

v.

CLAUDE CHESTER,

      Respondent - Appellee.

No. 10-3013
(D.C. No. 5:09-CV-03060-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

    Plaintiff-Appellant Leslie Love, a federal inmate proceeding pro se, seeks to appeal from the district court's dismissal of his 28 U.S.C. § 2241 petition for failure to respond to a show cause order. Finding that the district court did not abuse its discretion, we affirm.

    Mr. Love is serving a sentence of 36 years in prison for two bank robbery

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

convictions, a conviction for escape from federal custody, and four parole revocations. Love v. Sherrod, 247 F. App'x 35, 36 (7th Cir. 2007). The United States Parole Commission revoked Mr. Love's most recent short-lived parole in 2001. Id. at 37. The Parole Commission delayed his parole date by 120 months. Id. at 38.

Mr. Love filed the underlying § 2241 petition in March 2009, alleging that the Parole Commission unlawfully revoked his parole. R. 18-19. Problematically, the Southern District of Illinois and the Seventh Circuit have already denied a § 2241 petition that Mr. Love filed in June 2003, in which he raised essentially the same allegations. Love, 247 F. App'x at 38-40. Because those courts rejected Mr. Love's claims, the district court in this case ordered Mr. Love to show cause why it should not dismiss his petition. R. 127-28. When Mr. Love did not respond within the allotted time, the district court dismissed the petition for failure to comply with the show cause order and denied all relief. Id. at 129-30. On appeal, Mr. Love argues the merits of his petition.

The district court did not state whether the dismissal was with prejudice, so we assume that it was and review for an abuse of discretion. Davis v. Miller, 571 F.3d 1058, 1060-61 (10th Cir. 2009); Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161-62 (10th Cir. 2007). On appeal, Mr. Love offers no reason or excuse for his failure to respond to the district court's order, and does not argue that the district court abused its discretion. Pet. Br. at 3-4. The district

- 2 -

court gave Mr. Love ample time to respond to its show cause order: the order gave Mr. Love a month to respond, and the court waited almost two more months to file the order dismissing the petition. These facts do not indicate that the district court's dismissal constituted an abuse of discretion.

AFFIRMED. We deny IFP status.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge