FILED
United States Court of Appeals
Tenth Circuit

November 9, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REYNALDO Y. VILLA,

Plaintiff - Appellant,

v.

D.O.C. DEPARTMENT OF
CORRECTIONS,

Defendant - Appellee.

No. 16-1308
(D.C. No. 1:16-CV-00729-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.[**]
_____

Reynaldo Y. Villa, a Colorado prisoner proceeding *pro se* and *in forma pauperis*

(IFP), filed a complaint regarding the conditions of his confinement. A magistrate judge

reviewed his complaint and discerned that Plaintiff was attempting to allege cruel and

unusual punishment with respect to his medical needs and that he had been discriminated

against because of his disabilities, and thus was attempting to bring claims under the

Eighth Amendment pursuant to 42 U.S.C. § 1983 and disability discrimination under the

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Americans with Disabilities Act (ADA). But the magistrate judge found that Plaintiff's complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and ordered Plaintiff to file an amended complaint. The magistrate judge explained that "to state a cognizable claim in federal court Mr. Villa must identify the specific claims he is asserting, the specific factual allegations that support each claim, and what each Defendant did that allegedly violated his rights." R. at 20. The magistrate judge also provided the legal standards for claims alleging Eighth Amendment violations under 42 U.S.C. § 1983 and disability discrimination under the ADA.

Plaintiff filed an amended complaint. The district court acknowledged that Plaintiff asserted "seven claims that his constitutional rights have been violated because he has been denied adequate medical treatment and accommodations for his disabilities at various prisons since 2006." R. at 59. But the district court concluded that, despite the magistrate judge's "specific instructions," Plaintiff's amended complaint did not "provide a short and plain statement of any claims showing he is entitled to relief." R. at 59. The district court dismissed Plaintiff's action without prejudice, certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the order would not be taken in good faith, and thus denied IFP status for the purpose of the appeal. Plaintiff filed a letter which the district judge construed as a motion to alter or amend the judgment. The district court denied the motion and Plaintiff appealed.

Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." We review a dismissal under Rule 8 for abuse of discretion, "[b]ut what we consider compliant with this

2

standard depends" on "whether dismissal was ordered with or without prejudice to subsequent attempts at amendment." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007). Where, as here, a complaint is dismissed without prejudice "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* at 1162. Because Plaintiff is proceeding *pro se*, we construe his pleadings liberally, but we do not serve as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Reviewing the claims that Plaintiff raised both on appeal and below,[1] we conclude the district court did not abuse its discretion by dismissing Plaintiff's Amended Complaint without prejudice, specifically his claims under the ADA and 8th Amendment for deliberate indifference to his medical needs. Because the district court dismissed without prejudice, Plaintiff may attempt to bring his claims in a new action. We remind him, as the magistrate judge and district court did, that to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. As it stands, Plaintiff's Amended Complaint rarely identifies what a particular Defendant did or did not do,

---

[1] Plaintiff for the first time on appeal asserts that elderly inmates are treated worse than other inmates and he complains about certain conditions of supervised release. "[A]bsent extraordinary circumstances, we do not consider arguments raised for the first time on appeal." *Hill v. Kan. Gas Serv. Co.*, 323 F.3d 858, 866 (10th Cir. 2003) (internal quotation marks omitted). Plaintiff has not alleged any extraordinary circumstances that would allow us to consider these arguments.

describes Plaintiff's injuries, or connects the facts to the legal claim with more than a conclusory statement.

Plaintiff alleges, for example, that he has carpal tunnel in his wrists and arthritis in his knees; that unknown agents took away his custom-made wrist and knee braces; that he has been given cheap braces that were either too small or one-size-fits-all instead; that medical refuses to give him anything for his arthritis; and that his arthritis has gotten "so bad" that he is basically a cripple. But other than simply repeating the phrases "deliberate indifference" and "cruel and unusual punishment," Plaintiff has not stated anything to suggest the unknown agents or medical staff knew he faced a substantial risk of harm and disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (stating that a prison official acts with deliberate indifference when that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). "An official's failure to alleviate a significant risk of [serious harm] of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Plaintiff's other claims that he was denied adequate medical care likewise fail, again primarily because he makes conclusory legal assertions without providing facts showing he is entitled to relief.

As for Plaintiff's ADA claims, he explains in his Amended Complaint that he has macular degeneration and is legally blind. He asserts he needs certain accommodations

4

pursuant to the ADA to use the law library and complete his GED classes, including bright lights and a computer dictation program. Although he has informed some of the prisons of his need for accommodation, he has only received strong eye glasses and apparently no accommodations from Limon Correctional Facility (LCF) where he is currently housed.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Prisons are "public entities" covered by Title II of the ADA. *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007); *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998). To state a claim, Plaintiff must allege (1) that he is a qualified individual with a disability; (2) that he was "either excluded from participation in or denied the benefits of some entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (3) "that such exclusion, denial of benefits, or discrimination was by reason" of his disability. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016). "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Id.* "The ADA requires more than physical access to public entities: it requires public entities to provide '*meaningful* access' to their programs and services." *Robertson*, 500 F.3d at 1195. To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in

5

policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" *Id.* (quoting 28 C.F.R. § 35.130(b)(7)).[2]

Plaintiff has not alleged facts sufficient to support a claim under the ADA. The closest Plaintiff gets to alleging intentional discrimination is that there was "discrimination against me because of my disabilities," but he does not elaborate on this conclusory statement. Plaintiff's claims come closer to alleging a failure to accommodate but still fall short. It is not clear from Plaintiff's Amended Complaint whether he already has meaningful access to the law library but simply wants more accommodations than eye glasses, nor does it appear that he requested accommodations at LCF or that his need for an accommodation was obvious. *See J.V.*, 813 F.3d at 1299 (noting that the plaintiffs failed to request an accommodation or show that the need for an accommodation was obvious).

We affirm the district court's dismissal of Plaintiff's case without prejudice for failing to comply with Rule 8. We grant Plaintiff's motion to proceed IFP on appeal and remind him that he must continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] Title II of the ADA refers to "reasonable modifications," which is essentially equivalent to Title I's use of the term "reasonable accommodation." *Robertson*, 500 F.3d at 1195 n.8.