**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

JAMES JULIAN SALAZAR,

    Plaintiff - Appellant,

v.

ARAPAHOE COUNTY DETENTION
FACILITY; GREG PALMER, Captain;
ORTON, Sergeant; THOMAS, Deputy,

    Defendants - Appellees.

No. 19-1337
(D.C. No. 1:19-CV-01538-LTB)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Plaintiff James Salazar, a Colorado prisoner proceeding pro se, appeals the

dismissal of his suit under 42 U.S.C. § 1983 for failure to pay filing fees or comply with

the requirements to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a)(2).  We

exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Plaintiff is currently imprisoned at the Arapahoe County Detention Facility in Centennial, Colorado. On May 29, 2019, he filed in the United States District Court for the District of Colorado a letter complaining of the conditions of his confinement, particularly the denial of a furlough to attend his brother's funeral. One day later, a magistrate judge ordered him to file a complaint and either pay the filing fee or cure deficiencies in his IFP application within 30 days. The order warned him that failure to cure would result in dismissal of his action without further notice. On June 11 the magistrate judge granted Plaintiff an extension of time until July 30 to comply, so that he could obtain a certified copy of his inmate trust-fund account statement. *See* 28 U.S.C. § 1915(a)(2) (prisoner seeking IFP status must submit certified copy of trust-fund account statement for the six-month period immediately preceding filing of the complaint). The magistrate judge again warned him that failure to comply would result in dismissal without further notice.

On June 17, Plaintiff filed his complaint and a letter stating that he was still waiting for the prison records department to provide him with a certified copy of his inmate account statement and that he would comply as soon as possible. In the weeks before and after the July 30 deadline, he filed several more letters to the district court in which he lodged various complaints about the conditions of his confinement. But none of the letters addressed the inmate account statement or explained his failure to comply with the ordered deadline. Accordingly, the district court dismissed the case. Plaintiff timely appealed.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to comply with a court order. We review such a dismissal for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). If the dismissal is without prejudice, the court need not follow "any particular procedures." *Id.* at 1162

The record does not show an abuse of discretion. The magistrate judge warned Plaintiff that if he failed to comply with the order, his complaint would be dismissed. The magistrate judge then granted him additional time to comply and again warned him that failure to comply would result in dismissal. The letters in the record provide no reason for Plaintiff's failure to comply, although he assured the magistrate judge that he would comply as soon as possible.

On appeal Plaintiff asserts that he sent a certified inmate account statement on June 14, 2019. But no such document is in the record, and none of Plaintiff's letters to the district court reference a letter dated or filed on that date. He does not provide any basis to conclude that the document was submitted to the district court or an explanation for why it was not included in the record.

We **AFFIRM** the district court's dismissal of this case without prejudice. We **DENY** Plaintiff's motion to proceed IFP on appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

3