**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

**February 28, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

ALFREDO P. GONZALEZ,

　　Plaintiff - Appellant,

v.

JOE BIDEN, et al.; MAYORKAS, et al.,
DEPARTMENT OF HOMELAND
SECURITY DHS; GOVERNOR J. POLIS,
et al.; BILL BURNES, et al., CENTRAL
INTELLIGENCE AGENCY, CIA;
ALCOHOL TOBACCO FIREARMS,
ATF, et al., FEDERAL BUREAU OF
INVESTIGATION, C. WRAY, et al.;
DRUG ENFORCEMENT AGENCY,
DEA, et al.; NATIONAL SECURITY
AGENCY, NSA, et al.; LLOYD AUSTIN,
Defense Secretary, U.S. Army, et al.;
WELD COUNTY, COLORADO
SHERIFF STEVE REMES, et al.;
OFFICER VESQUEZ, WCJ; OFFICER
ESCALANTHA, WCJ; MOSES A.
STANCIL, CDOC, et al.; JASON
LENGERICH, BVCF Warden, et al.;
STEPHANIE SANDOVAL, CSP Warden,
et al.; CAPT. C. BOWERS, BVCF CAPT;
LT. WHITE, CSP LT.; SGT. WILL, CSP
LT.; DRDC, John Doe #1,

　　Defendants - Appellees.

No. 24-1001
(D.C. No. 1:23-CV-00665-LTB-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

　　[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]

_____

Plaintiff-Appellant Alfredo Gonzalez, an inmate appearing pro se, appeals from the district court's judgment dismissing his second amended civil rights complaint (SAC) and his action without prejudice pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with pleading rules, see Fed. R. Civ. P. 8. Our jurisdiction arises under 28 U.S.C. § 1291. We review for an abuse of discretion. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007).

After reviewing the proceedings in the district court, we find no abuse of discretion. Mr. Gonzalez named numerous federal and state defendants involved in his confinement in several facilities. Mr. Gonzalez alleges that President Biden is behind Operation Kill KINGLUCIFER (an alias for Mr. Gonzalez). He claims that he is under investigation by the United States Army and Department of Homeland Security based on his ties to the Sinaloa Cartel in Mexico. 1 R. 78–80. Mr. Gonzalez further alleges that he has been tortured — forced to listen to messages from a communication satellite and to take psychotropic drugs against his will so that

_____

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

he might provide intelligence information.  Aplt. Br. at 2.  In addition, he alleges that he has been physically assaulted based upon his non-compliance with various orders.

On appeal, Mr. Gonzalez contends that he included a short and plain statement of the facts necessary to his complaint and that his SAC was not afforded liberal construction.  But after reviewing the SAC, we find no error.  Mr. Gonzalez was given two opportunities to amend his complaint given its various deficiencies.  See Ord. Directing Plaintiff to File Amended Prisoner Complaint, Gonzalez v. Biden, No. 1:23-CV-00665 (D. Colo. May 24, 2023), ECF No. 11; Ord. Directing Plaintiff to File Second Amended Prisoner Complaint, Gonzalez v. Biden, No. 1:23-CV-00665 (D. Colo. Aug. 10, 2023), ECF No. 16.  Even with liberal construction, a complaint must not only include a reasonable factual basis but also some basis to infer a violation of legal rights.  See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (reiterating that pro se parties follow the same procedural rules governing other litigants).  Merely reciting allegations of harm paired with legal conclusions does not demonstrate a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We DENY leave to proceed on appeal without prepayment of fees or costs and AFFIRM the district court's judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge