**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAWAUNE ELLIS, II,

　　Plaintiff - Appellant,

v.

THE STATE OF COLORADO MENTAL
HEALTH HOSPITAL IN PUEBLO,
SARA ACKERMAN, and FEERLYN
WHITAKER,

　　Defendants - Appellees.

No. 24-1166
(D.C. No. 1:24-CV-00293-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Plaintiff Dawaune Ellis II, a resident of the Colorado Mental Health Institute at Pueblo (CMHIP) who is appearing pro se, appeals from the district court's dismissal of his pro se civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

On January 29, 2024, Mr. Ellis initiated these proceedings by filing a pro se complaint for violation of civil rights, an application to proceed without prepayment of fees or costs, and a motion for temporary restraining order.  Mr. Ellis alleged in his complaint that he was bringing suit under 42 U.S.C. § 1983 against CMHIP and various employees at CMHIP for due process violations, cruel and unusual punishment, deliberate indifference, neglect, and denial of his right of access to the courts.

On January 31, 2024, the magistrate judge issued an order noting that both Mr. Ellis's complaint and his motion to proceed without prepayment of fees and costs were not on the proper forms and that the motion was also missing a certified copy of Mr. Ellis's trust fund statement for the six-month period preceding his filing.  The magistrate judge ordered Mr. Ellis to cure these deficiencies within thirty days and advised him that his failure to do so would result in the dismissal of the action without prejudice.

On February 22, 2024, Mr. Ellis filed his complaint on a prisoner complaint form.  He also filed a motion for leave to proceed without prepayment of costs and fees on an official court form.  He did not, however, include a certified copy of his trust fund statement or any other proof of his financial situation.

On March 8, 2024, the district court dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) "for failure to comply with a Court

2

order and failure to prosecute." R. at 125. Judgment was entered in the case that same day.

Mr. Ellis filed a motion for reconsideration. He noted in the motion that he had sent a letter to the court stating that he did not have a prisoner trust fund statement account because he was a patient at CMHIP and not a prisoner. The district court denied Mr. Ellis's motion for reconsideration, noting it had conducted an online inmate search and determined that Mr. Ellis was "currently in the custody of the Denver Sheriff's Department, despite being . . . held at" CMHIP. *Id.* at 139 (citing https://denvergov.org/inmatesearch/details/2018-317290/0000793443). The district court also noted that "because the action was dismissed without prejudice, and [Mr. Ellis] c[ould] initiate a new action," there was "no basis for reopening the case." *Id.*

Mr. Ellis now appeals.

## II

We review a dismissal under Federal Rule of Civil Procedure 41(b) for an abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Rule 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b).

Here, Mr. Ellis asks us to "reopen" his case and "remove the dismissal so" he "can bring other cases by waiver of fees." Aplt. Br. at 4. We decline to do so. Mr. Ellis does not dispute that he is an inmate in the general custody of the Denver

Sheriff's Department and there is no indication in the record that he has made any attempt to contact the Denver Sheriff's Department and obtain a prisoner trust fund account statement.  As a result, we conclude the district court did not abuse its discretion in dismissing this action due to Mr. Ellis's failure to comply with the magistrate judge's order directing him to provide a prisoner trust fund account statement to support his motion to proceed without prepayment of costs and fees.

III

The judgment of the district court is affirmed.  Mr. Ellis's motion for leave to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4