**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

EMILY COHEN,

    Plaintiff - Appellant,

v.

ANDREW HARTMAN, in his official
capacity; ANNE KELLY, in her official
capacity,

    Defendants - Appellees.

No. 24-1343
(D.C. No. 1:22-CV-00773-WJM-JPO)
(D. Colo.)

### ORDER AND JUDGMENT[*]

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.

Emily Cohen sued Judge Andrew Hartman and deputy district attorney Anne

Kelly in their official capacities, asserting claims under Title II of the Americans

with Disabilities Act ("ADA") for failure to accommodate, disability discrimination,

and retaliation. The district court dismissed the case with prejudice. Cohen now

appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Cohen is a disbarred Colorado attorney who was named as a defendant in two Colorado state court criminal proceedings.  She filed her complaint in this action in March 2022.  Cohen's complaint was single spaced, 49 pages long, and contained 349 numbered paragraphs.  The complaint raised three ADA-related claims arising from her Colorado criminal proceedings.  Once the original complaint was filed, a magistrate judge conducted an initial review of the complaint and determined that it was not appropriate for summary dismissal.  *See* D. Colo. Civ. R. 8.1(a) ("A judicial officer . . . shall review the pleadings of a pro se party . . . to determine whether the pleadings should be dismissed summarily.").

The defendants moved to dismiss the complaint or for a more definite statement in July and August of 2022, and they filed a supplemental motion to dismiss in June 2023.  Cohen responded to both motions.

In July 2023, a magistrate judge issued a report and recommendation ("R&R"), recommending that the district court dismiss Cohen's complaint without prejudice for lack of a short and plain statement.  It recommended that Cohen be permitted to amend her complaint, specifically noting that Cohen's amended complaint should be drafted without legal argument, make allegations of fact instead of conclusory statements, and clarify what each defendant did to wrong her.  Cohen timely responded to the R&R.  The district court issued an order on October 23, 2023, dismissing Cohen's initial complaint without prejudice.  It ordered her to file an amended complaint to cure the noted defects and deficiencies by November 20, 2023.

Before filing her amended complaint, Cohen filed two motions requesting preliminary injunctive relief.  The district court denied both motions, and Cohen appealed the denial of the second motion to this court.  That appeal was dismissed as moot on September 19, 2024.  *See Cohen v. Hartman*, No. 23-1364, 2024 WL 4234967, at *5 (10th Cir. Sept. 19, 2024).

Cohen filed her amended complaint on November 19, 2023.  Cohen's amended complaint was almost exactly the same as her original complaint, and it did not appear that she had made any substantive changes or attempted to remedy the issues identified in her original complaint.  The defendants moved to dismiss Cohen's amended complaint in December 2023.

In January 2024, a magistrate judge issued another R&R recommending that Cohen's amended complaint be dismissed with prejudice under Fed. R. Civ. P. 41(b), applying the five factors discussed in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), because Cohen had not corrected the deficiencies from her original complaint.  The R&R noted that the amended complaint largely consisted of legal argument lacking authority, and the factual allegations it included were "an unorganized and often repetitive stream-of-consciousness that [was] difficult to follow or understand."  R. Vol. 4 at 166.  It recommended a dismissal with prejudice.

Cohen objected to the R&R's analysis and recommendations that her complaint be dismissed under *Ehrenhaus*.  She specifically objected to the R&R's resolution of four of the five *Ehrenhaus* factors.

3

The district court adopted the R&R over Cohen's objections and dismissed the amended complaint with prejudice under Fed. R. Civ. P. 41(b). It found that all five *Ehrenhaus* factors, including the degree of actual prejudice, the amount of interference with the judicial process, the culpability of the litigant, advance warning of the possibility of dismissal as a sanction, and the efficacy of lesser sanctions, weighed in favor of dismissal with prejudice. R. Vol. 4 at 216–22. Cohen appealed.

## II.    DISCUSSION

We typically construe a pro se party's filings liberally. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). Although Cohen appears pro se and has been disbarred, she has legal training, and we need not afford her pleadings liberal construction as we do with other pro se litigants. *Cohen*, 2024 WL 4234967, at *1 n.1. We also reject Cohen's contentions that she was entitled to liberal construction before the district court.

### A. Legal Authority

The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failure to comply with court rules or a court order. Fed. R. Civ. P. 41(b). We review the district court's imposition of sanctions, including dismissal, for an abuse of discretion. *See Ehrenhaus*, 965 F.2d at 920; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–63 (10th Cir. 2007) (applying the *Ehrenhaus* factors to a dismissal as a sanction for violating court orders and rules). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes

that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918.

### III.    ANALYSIS

#### A. *Ehrenhaus* Factors

The district court was within its discretion when it concluded that the *Ehrenhaus* factors supported dismissal. Here, the defendants were required to respond to her lengthy and non-compliant pleadings throughout the litigation. The court alerted her to deficiencies in her original complaint, and she knew her responsibility to follow procedural rules based on her training and background as an attorney. And Cohen even acknowledged the R&R's direction to fix her original complaint but took no action to correct anything. Further, she had time and opportunity to obtain external assistance, but instead opted to file her own pro se pleadings throughout the case.

The district court did not err in applying the *Ehrenhaus* factors, and the court acted within its discretion to dismiss Cohen's lawsuit as a sanction for her failure to comply with court orders. *See id.* at 920–21.

#### B. Additional Arguments on Appeal

Cohen also argues that the district court's dismissal of her ADA claims violated the law of the case doctrine because the magistrate judge who reviewed her original complaint concluded that the complaint was not subject to summary dismissal. *See* D.C. Colo. Civ. R. 8.1(a). The initial review order was not a final

ruling in Cohen's case, merely an initial screening of the complaint for frivolity. *See Unioil v. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 993 (10th Cir. 1992) ("Only final judgments may qualify as law of the case."). That review order does not fall under the law of the case doctrine. The district court did not violate the law of the case, and we reject Cohen's argument.

Finally, Cohen attempts to argue the merits of her claims on appeal. Because the district court did not abuse its discretion in dismissing Cohen's amended complaint with prejudice under the *Ehrenhaus* analysis, the merits of her complaint are not properly before this court, and we decline to address her merits arguments.

## IV.    CONCLUSION

We affirm the district court's final judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge