**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HIGINIO EMBRIZ,

      Plaintiff - Appellant,

v.

EIGHTH DISTRICT ELECTRONIC
PENSION FUND; NATIONAL
ELECTRICAL BENEFIT FUND,

      Defendant - Appellees.

No. 14-1124
(D.C. No. 1:14-CV-00381-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

---

Higinio Embriz filed a pro se complaint in the district court against the Eighth

District Electronic Pension Fund and the National Electrical Benefit Fund (collectively,

the "Defendants"), alleging generally that the Defendants owed him disability or pension

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

funds. A magistrate judge ordered Mr. Embriz to file an amended complaint complying with Federal Rule of Civil Procedure 8. The district court dismissed this complaint without prejudice for failure to satisfy Rule 8. Mr. Embriz now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**

Mr. Embriz first filed his complaint on February 11, 2014, requesting "unpaid disability funds" and referencing 42 U.S.C. § 1983 and Colorado statutes. ROA at 4. A magistrate judge found this complaint was deficient because (1) it was not signed in accordance with Federal Rule of Civil Procedure 11(a); (2) it did not list any parties in the caption pursuant to Rule 10(a); and (3) it did not comply with the pleading requirements of Rule 8. The magistrate judge ordered Mr. Embriz to file an amended complaint remedying these deficiencies.

Mr. Embriz filed an amended complaint including a signature and naming the Defendants as parties. The district court dismissed this amended complaint without prejudice for failure to comply with Rule 8, noting that Mr. Embriz had not provided "a short and plain statement of the grounds of the Court's jurisdiction and a short and plain statement of his claims showing he is entitled to relief." ROA at 120; *see* Fed. R. Civ. P. 8(a).

Mr. Embriz filed a timely notice of appeal.[1]

## II. **DISCUSSION**

We review the district court's dismissal of Mr. Embriz's complaint without prejudice under Rule 8(a) for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007).

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Put another way, Rule 8 requires "that, to state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. If a complaint fails to satisfy these basic

---

[1] It appears Mr. Embriz's brief on appeal, along with an accompanying "Motion for Relife [sic]" submitted to this Court, were drafted and co-signed by a person named Michael Jiron, who is not an attorney. It is unclear whether Mr. Jiron seeks to represent Mr. Embriz, serve as a witness for Mr. Embriz, or act as a co-plaintiff. *See* Aplt. Br. at 2 ("I will argu[e] this case pending in a United States Court of Appeals, as an attorney"); *id.* at 4 ("Mr. Embriz and myself will appear in a United State[s] Court of Appeals. We will represent our selfs [sic] as attorneys . . . ."); *id.* at 10 ("I am a vict[i]m to the Eighth District Electrical pension plan. And I am expert witness for Higinio Embriz . . . . And I am the one who is going to argu[e] for us within a United States Court of Appeals Court House. And I'll . . . be a guide for the court.").

    The Clerk's Office has notified Mr. Jiron that he is neither an attorney nor a party to this case and therefore may not participate in this appeal. To the extent that Mr. Jiron has claims of his own against the Defendants, he may file his own complaint in the district court.

pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8. *See id.* at 1161 & n.2.

We construe pro se pleadings liberally. *See Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as [Mr. Embriz's] advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). In analyzing the sufficiency of a pro se complaint, we "accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

We agree with the district court that Mr. Embriz's amended complaint fails to satisfy the pleading requirements of Rule 8. The complaint does not include a valid jurisdictional statement. Mr. Embriz cites 42 U.S.C. § 1983, but he does not name state actors as defendants or provide factual allegations to support a § 1983 claim. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."). Mr. Embriz also cites Colorado state statutes without attaching them to specific factual contentions against the Defendants. He appears to allege the Defendants denied him pension benefits, but he does not cite any relevant statutes, such as the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1461. On appeal, Mr. Embriz also invokes I.R.C. § 401(a)(9), but he did not mention this provision in his complaint. In short, Mr. Embriz's complaint does not contain either a "short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of

-4-

the claim showing that the pleader is entitled to relief" sufficient to meet the demands of Rule 8.  Fed. R. Civ. P. 8(a).

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's order dismissing Mr. Embriz's complaint without prejudice.  We deny the pending motion for relief.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge