FILED
United States Court of Appeals
Tenth Circuit

**February 20, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY FLUTE, SR.,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

No. 14-1316
(D.C. No. 1:14-CV-01269-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff Gary Flute, a federal prisoner representing himself pro se, filed a

complaint in the Federal Court of Claims alleging that "certain employees" of the Bureau

of Prisons transferred Plaintiff from a prison in Illinois to a prison in Colorado with only

four hours of notice, "which thereby triggered the effective 'loss' of 'personal property'

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and 'wages.'" (R. at 17.) The Court of Claims concluded it lacked jurisdiction to adjudicate Plaintiff's claim, and it transferred the complaint to the District of Colorado. The Colorado district court instructed Plaintiff to file his complaint on the court's current form. Plaintiff obtained the correct form and filed a prisoner complaint identifying three claims apparently based on the prison transfer: "deprivation of rights by and through conspiracy against rights," "obstruction of justice—agency proceedings," and "theft by deception/larceny." (R. at 31-33 (capitalization omitted).)

A magistrate judge reviewed the complaint and concluded it failed to satisfy Rule 8 of the Federal Rules of Civil Procedure because, among other things, it failed to "explain (1) what a defendant did to [Plaintiff]; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated." (R. at 55 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).) The magistrate judge also concluded that the complaint "fail[ed] to assert specifically the matter [Plaintiff] is challenging under the Federal Tort Claims Act (FTCA) claim." (R. at 55.) Plaintiff was ordered to file an amended complaint that addressed these deficiencies.

Although Plaintiff filed an amended complaint, the district court concluded the complaint failed to comply with the magistrate judge's directives and contained the same deficiencies as the original complaint. The court accordingly dismissed the complaint without prejudice for failure to comply with Rule 8 and with the magistrate judge's order.

We review the district court's dismissal of Plaintiff's complaint for abuse of

discretion. *Nasious*, 492 F.3d at 1161. After thoroughly reviewing Plaintiff's brief and the record on appeal, we are not persuaded the district court abused its discretion in dismissing the complaint without prejudice for failure to comply with Rule 8. Although Plaintiff's pro se pleadings must be liberally construed, he still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Given the confusing and conclusory nature of Plaintiff's original and amended complaints, we see no error in the district court's conclusion that Plaintiff failed to meet this burden.

Accordingly, for substantially the same reasons given by the magistrate judge and district court, we **AFFIRM** the district court's dismissal of this case. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal but remind him he is obligated to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge