**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH WAYNE WARD,

     Plaintiff - Appellant,

v.

STANLEY GARNETT,

     Defendant - Appellee.

No. 16-1046
(D.C. No. 1:15-CV-02440-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

State prisoner Joseph Wayne Ward filed a pro se complaint in federal district court against Boulder County District Attorney Stanley Garnett to challenge Mr. Ward's previous conviction in Colorado state court.[1]

A magistrate judge ordered Mr. Ward to file an amended complaint that complied with Federal Rule of Civil Procedure 8. Finding the amended complaint

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Ward's original complaint included claims against Stanley Garnett and others, but his amended complaint raises claims only against Mr. Garnett.

unintelligible and in violation of Rule 8, the district court dismissed it without prejudice. Mr. Ward appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal and deny Mr. Ward's request to proceed *in forma pauperis* ("*ifp*").

We review a Rule 8 dismissal for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007). Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." We construe pro se pleadings liberally. *See Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). But we do not assume the role of advocate and craft arguments for the pro se litigant. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

The amended complaint refers to DA Garnett as a "Fiduciary Trustee," to a "Private Administrative Remedy," to a "Contract/Agreement Between the Parties," and to other terms, none of them adequately explained. ROA at 60-61. It lists eight claims. The first seven each start with a heading containing one or more of the following: "Violations of USCA V & XIV, et al.," "Breach of Fiduciary Duties," "Violation of Oath of Office," "28 USC §§ 241 & 242," "Breach of Contract," "Article I § 10," "Violation of Office," and "Article III § 2." *Id.* at 61-63. A short paragraph of "Supporting Facts" then follows each claim. *Id.* Five of these paragraphs include the term "Certificate of Dishonor/Administrative Judgment/Notarial Protest" without adequately explaining what it is. *Id.* Claim eight is simply a list, without any "Supporting Facts," that mostly repeats Mr. Ward's

earlier headings, such as "Violation of Due Process, USCA V." *Id.* at 63. As best as we can tell, Claim Two appears to allege the Colorado court where Mr. Ward was convicted lacked subject matter jurisdiction, and Claim Four appears to allege DA Garnett profited from his conviction, but in neither instance does the "Supporting Facts" paragraph plainly explain the basis for such claims. *Id.* at 62.

Although Mr. Ward attempts to provide further information in his appellate brief about his claims, he misstates the law—for example, arguing the Colorado court where he was convicted lacked Article III jurisdiction under the U.S. Constitution, Aplt. Br. at 2—and does not otherwise show that the amended complaint contained a "plain statement of [a] claim" or that the district court abused its discretion in dismissing it.

Having carefully reviewed the amended complaint, we find, as the district court did, that it is largely unintelligible and not plain. We conclude the district court did not abuse its discretion when it dismissed the amended complaint under Rule 8(a)(2) for failure to "contain . . . a short and plain statement of [a] claim."

We therefore affirm. We also deny Mr. Ward's request to proceed *ifp*; he is therefore responsible for immediate payment of the unpaid balance of his appellate

filing fee.  Because we find this appeal to be frivolous, we assess a strike under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge