FILED
United States Court of Appeals
Tenth Circuit

September 20, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN PATRICK FLETCHER,

    Plaintiff - Appellant,

v.

TIMOTHY M. TYMKOVICH; MARCIA
S. KRIEGER; LEWIS T. BABCOCK;
GORDON P. GALLAGHER,

    Defendants - Appellees.

No. 19-1204
(D.C. No. 1:19-CV-00709-CMA)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

Plaintiff-Appellant John Patrick Fletcher, a Colorado state prisoner, appeals pro

se the district court's order dismissing his complaints with prejudice. On March 8,

2019, Plaintiff filed a pro se complaint pursuant to *Bivens v. Six Unknown Named*

*Agents* alleging fourteen claims against four federal judges—Chief Judge Tymkovich

of the Tenth Circuit Court of Appeals, Judges Krieger and Babcock of the federal

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

district court in Colorado, and Magistrate Judge Gallagher of the same court. In his complaint, Plaintiff alleges violations of his First, Fifth, and Eighth Amendment rights.

On March 29, 2019, Plaintiff sua sponte filed an amended complaint alleging substantially the same claims against the same Defendants. Before the district court acted on either complaint, Plaintiff filed a motion to strike the amended complaint asserting the original complaint more accurately represents his claims. In either case, Plaintiff alleges the same facts. Specifically, Plaintiff alleges: (1) Judges Babock and Gallagher improperly addressed his motions for injunctive relief in a separate civil action; (2) Judge Krieger criminally victimized him by assigning his cases to Judges Babcock and Gallagher; and (3) Chief Judge Tymkovich failed to expeditiously address his judicial conduct complaint filed with this Court.

After reviewing both complaints, the district court concluded that whether it considered the original or amended complaint, the action must be dismissed in part as legally frivolous and in part for seeking relief against defendants who are immune. On April 18, 2019, the district court issued an order dismissing the action with prejudice. The district court determined any appeal from its order would not be taken in good faith and denied Plaintiff's request to appeal in forma pauperis. After the district court denied Plaintiff's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e), Plaintiff appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a district court's dismissal under Rule 41(b) for an abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). We review a district court's legal determinations on immunity *de novo*. *Snell v.*

2

*Tunnell*, 920 F.2d 673, 675 (10th Cir. 1990). We liberally construe a pro se litigant's pleadings, but do not "assume the role of advocate for the pro se litigant." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

\* \* \*

First, Plaintiff argues the district court erred in finding Judges Krieger, Babcock, and Gallagher are entitled to absolute judicial immunity. Specifically, Plaintiff alleges Judges Krieger, Babcock, and Gallagher are not entitled to immunity because: (1) the judges were acting in clear absence of all jurisdiction; and (2) the judges were performing administrative rather than judicial tasks.

A judge acting in his judicial capacity is immune from suit "unless the judge acts clearly without any colorable claim of jurisdiction." *Snell*, 920 F.2d at 686. Judicial immunity is "not overcome by allegations of bad faith or malice," rather, "immunity is overcome only in two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not entitled to immunity when he acts in clear absence of all jurisdiction. *Id.* at 12. Second, a judge is not entitled to immunity for non-judicial acts. *Id.* at 11. Determining whether an act is a "judicial one" requires an inquiry into the nature of the act itself. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The court must evaluate whether the act is "normally performed by a judge," and whether the parties "dealt with the judge in his judicial capacity." *Id.*

The district court held Judges Krieger, Babcock, and Gallagher were not acting in clear absence of all jurisdiction because the court's local rules authorized their actions. Namely, under the District of Colorado's local rules, "a judicial officer

3

designated by the Chief Judge shall review the pleadings of a prisoner." D.C.COLO.LCivR 8.1(b). In this case, Chief Judge Krieger designated Judge Babcock and Magistrate Judge Gallagher to conduct an initial review of Plaintiff's cases. Judge Babcock and Magistrate Judge Gallagher conducted that review and ultimately dismissed Plaintiff's case. The judges' actions were explicitly within the confines of the court's local rule, and therefore, it cannot be said the judges acted in clear absence of all jurisdiction.

The district court also concluded Judge Krieger's, Judge Babcock's, and Magistrate Judge Gallagher's actions were "judicial acts" because "issuing orders, which includes orders of dismissals, construing filings as supplements, and assigning cases are functions normally performed by a judge." As the district court explained, all of Plaintiff's allegations concern the judges' management and disposition of motions he filed in a separate civil action. Case management and disposition of motions are actions routinely taken by a judge, and Plaintiff dealt with these judges in their judicial capacity. Accordingly, the judges' actions were "judicial acts" entitled to immunity.

Having reviewed the Plaintiff's brief and appellate record in light of the applicable law and appropriate standard of review, we find the district court's judgment must be affirmed as to these Defendants.

\* \* \*

Next, Plaintiff contends the district court erred in dismissing his claim against Chief Judge Tymkovich as legally frivolous. Plaintiff alleges the district court reviewed his claim under 28 U.S.C. § 351 when it should have been analyzed as a

4

*Bivens* action. Pursuant to 28 U.S.C. § 351, the district court held Plaintiff must pursue his claim with the Tenth Circuit Court of Appeals.

Under 28 U.S.C. § 351(a), any person alleging a judge has "engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a). Then, the chief judge of the circuit is tasked with reviewing the complaint and determining an appropriate course of action. 28 U.S.C. § 352. If a complainant is "aggrieved by a final order of the chief judge," then he may "petition the judicial council of the circuit for review thereof." *Id.* Under the finality clause, denial of review "shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." *Id.*

To the extent Plaintiff alleges a *Bivens* action based on Chief Judge Tymkovich's failure to act on his complaint, his claim is not judicially reviewable. *See McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of Judicial Conference of U.S.*, 264 F.3d 52, 63 (D.C. Cir. 2001) (holding the finality clause bars any applied constitutional challenges to judicial council action). Because Plaintiff's due process challenge to Chief Judge Tymkovich's decision or lack thereof is not judicially reviewable, the district court's judgment as to Chief Judge Tymkovich must be affirmed as well.

* * *

Accordingly, we affirm the district court's dismissal with prejudice for substantially the same reasons articulated by the district court. We deny Plaintiff's motion to proceed in forma pauperis and remind him of his obligation to pay in full the filing and docket fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge

6