FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WADE LAY,

      Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; JOE ALLBAUGH;
ODOC Director, OKLAHOMA
STATE PENITENTIARY; TERRY
ROYAL, Warden OSP; JERRY
PERRY, H-Unit, Unit Manager,

      Defendant - Appellee.

No. 20-6038
(D.C. No. 5:17-CV-01224-J)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Wade Lay appeals from an order of the United States District Court for the Western District of Oklahoma.  The district court dismissed Lay's pro se civil rights complaint for failure to prosecute.  Because Lay's appeal is frivolous and/or malicious, this court dismisses the appeal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Lay filed the instant civil rights suit, along with a request to proceed in forma pauperis ("IFP"), in November of 2017.  The district court denied Lay's request to proceed IFP, concluding Lay had sufficient funds to prepay the $400 filing fee.  Despite admitting he had the funds available to pay the district court filing fee, Lay appealed to this court the district court's denial of his motion to proceed IFP.  This court affirmed the district court's denial of Lay's motion to proceed IFP.  *Lay v. Okla. Dep't of Corr.*, 746 F. App'x 777, 779 (10th Cir. 2018).  Moreover, this court denied Lay's request to proceed on appeal IFP, concluding Lay's appeal was frivolous.  *Id.* at 780.  Thereafter, despite several opportunities to do so, Lay failed to pay the district court filing fee or otherwise communicate with the district court.  Thus, the district court dismissed Lay's suit without prejudice for failure to prosecute.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1161–62 n.2 (10th Cir.

2007) (holding that Federal Rule of Civil Procedure 41(b) permits courts to dismiss actions sua sponte where a plaintiff fails to comply with the Federal Rules of Civil Procedure or the Court's orders).

Lay's brief on appeal, while prolix, does not contain any meaningful analysis of the propriety of the district court's without-prejudice dismissal of his action. Instead, it argues the merits of the underlying case and conjures up the existence of some kind of grand conspiracy on the part of the district court and Oklahoma Department of Corrections to deprive him of his civil rights. Upon de novo review of the district court's order of dismissal, Lay's appellate filings, and the entire record on appeal, we conclude this appeal is frivolous and, therefore, his appeal must be dismissed.

For those reasons set out above, this appeal is **DISMISSED** pursuant to the terms of 28 U.S.C. § 1915(e)(2)(B)(i) (providing that "notwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss [an IFP proceeding] at any time if the court determines that . . . the action or appeal is . . . frivolous or malicious"). Given this disposition, all pending motions are hereby **DENIED** as moot.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-