**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARNELL PITTMAN, SR.,

     Plaintiff - Appellant,

v.

T. HOLCOMB, Correctional Lieutenant;
A. VANSICKLE, Correctional Officer,

     Defendants - Appellees.

No. 20-1139
(D.C. No. 1:19-CV-02641-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **PHILLIPS**, Circuit Judges.
_____

Darnell Pittman, Sr., a federal prisoner proceeding pro se, filed a complaint

alleging that correctional officers violated his rights under the Eighth and First

Amendments. The district court held the complaint was frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i) and dismissed it with prejudice. Exercising jurisdiction pursuant

to 28 U.S.C. § 1291, we affirm the district court's judgment.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.   Background

In screening Pittman's Third Amended Complaint, a magistrate judge

described his allegations as follows:

> Plaintiff asserts that on August 27, 2018, in preparation for transporting
> Plaintiff to have Carpal Tunnel Syndrome (CTS) corrective surgery outside
> the prison, Defendant A. Vansickle placed regular-sized security restraints,
> handcuffs, on Plaintiff's wrists over the braces he was wearing, even
> though he told Defendant Vansickle that he was wearing the braces to
> alleviate the stress of the handcuffs against his wrist.  Although Defendants
> allowed Plaintiff to wear the braces, Plaintiff contends Defendants would
> not use larger handcuffs, and as a result Defendant Vansickle used
> excessive force when placing the handcuffs on him, which caused Plaintiff
> to incur a "waive of pain and discomfort" in his left arm and right wrist.
> Finally, Defendant Holcomb told Plaintiff no larger handcuffs would be
> used, and when Plaintiff complained about the tightness of the handcuffs
> and severe pain, Defendant Holcomb told him to "shut up" or he would
> cancel the surgery.  Defendant Holcomb also told Defendant Vansickle to
> make sure the handcuffs were tight and did not "slide on Plaintiff's wrists."
> Plaintiff further asserts that he told Defendant Holcomb he had a right to
> "address his concerns regarding his medical conditions."  At some point
> after Plaintiff's complaining, Defendant Holcomb cancelled the surgery.
>
> . . . Plaintiff further asserts that Defendant Holcomb cancelled his
> surgery in retaliation for exercising his right to complain about the pain and
> discomfort and his medical condition.

R. at 115-16 (citations omitted).

The magistrate judge issued a Recommendation that Pittman's Third Amended

Complaint be dismissed without prejudice because the complaint failed to state a

plausible claim for relief as required by Federal Rule of Civil Procedure 8.  The

magistrate judge first held that his allegations were insufficient to show that

Defendants acted with deliberate indifference to his serious medical needs or had

used excessive force in violation of the Eighth Amendment:

2

Plaintiff does not assert . . . that the surgeon or prison medical staff had issued braces to Plaintiff for his CTS condition and had provided specific instructions that Plaintiff was to wear the braces under large handcuffs. Furthermore, the severe pain and discomfort due to the tight handcuffs happened only on August 27, 2018, and Plaintiff does not assert that placement of the handcuffs over the braces on this occasion worsened the CTS condition. Plaintiff complained and the handcuffs were removed.

. . . Plaintiff does not assert that subsequent to the August 27 incident he has been denied the corrective surgery on his wrists. Although Plaintiff states in general that Defendant Holcomb subjected him to "on-going pain and suffering, as well as continued limited use of [his] two limbs," he does not assert that due to the cancellation of the transport on August 27 he has continued to be denied subsequent access to surgery. In fact, Plaintiff does not seek any injunctive relief that includes the performance of the corrective surgery. His request for relief includes only money damages and declaratory judgment that Defendants violated his First and Eighth Amendment rights.

. . . Even if Defendants' actions are found to be malevolent, or unnecessary, the force Plaintiff complains of was both *de minimis* and not of a sort repugnant to the conscience of mankind. The incident happened on one occasion, the pain was immediate, and the handcuffs were removed. Plaintiff does not assert with any specificity how his condition has worsened due to the August 27 incident and that he has been denied access to surgery subsequent to the August 27 incident as a result of Defendants' actions.

*Id.* at 119-20 (brackets in original).

Regarding Pittman's First Amendment claim, the magistrate judge held that he

fail[ed] to demonstrate that Defendants had no legitimate basis to order him to quit complaining or he would not be transported for his surgery. Nor did Plaintiff plead any other facts showing that the usual justification for not permitting a prisoner to repeatedly question a staff member's decision, the need to maintain order in a prison setting, did not apply in this case. Plaintiff failed to plead that Defendants' conduct was not "reasonably related to legitimate penological interests when transporting a prisoner," in assuring that Plaintiff's handcuffs were tight and did not slide on Plaintiff's wrists.

*Id.* at 120-21 (citation omitted).

Pittman filed objections to the Recommendation, as well as a motion for leave to file a Fourth Amended Complaint in which he sought to add an additional claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA). After reviewing the magistrate judge's Recommendation de novo and considering the additional factual statements in Pittman's objections, the district court adopted the Recommendation and dismissed the Third Amended Complaint "for failure to comply with [Rule] 8," adding that the complaint was dismissed "with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous." R. at 167. It entered judgment the same day. Shortly thereafter, the district court entered a minute order denying Pittman's motion for leave to file a Fourth Amended Complaint because he had failed to attach an amended complaint that complied with the court's previous order directing him to file a Third Amended Complaint.

## II.    Discussion

On appeal, Pittman argues that his Third Amended Complaint complied with Rule 8 and the district court abused its discretion in dismissing the complaint with prejudice without first considering certain criteria. He also contends that the court erred in holding that his complaint was frivolous. Lastly, he argues the district court abused its discretion in denying his motion for leave to file a Fourth Amended Complaint.

Pittman is correct that, before a court may dismiss a complaint with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with Rule 8, it must consider certain criteria. *See Nasious v. Two Unknown B.I.C.E. Agents*,

4

492 F.3d 1158, 1162 (10th Cir. 2007). But the district court did not dismiss his Third Amended Complaint with prejudice under Rule 41(b). It held the complaint was legally frivolous under § 1915(e)(2)(B)(i). We review that ruling de novo. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But the frivolousness standard is intended to apply to "claim[s] based on an indisputably meritless legal theory" or "claims describing fantastic or delusional scenarios," *id.* at 327-28, not claims that merely fail to state a claim upon which relief can be granted, *id.* at 328. Thus, a complaint that fails to state a claim is not automatically frivolous within the meaning of § 1915(e)(2)(B)(i). *See id.* at 331.

In liberally construing Pittman's pro se Third Amended Complaint, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we are not convinced that it was so deficient as to be frivolous. He invoked recognized legal theories and did not present fanciful factual allegations. Nevertheless, Pittman's claims cannot proceed. For substantially the reasons stated in the magistrate judge's Recommendation and the district court's dismissal order adopting the Recommendation, we conclude that the facts he alleged in his Third Amended Complaint failed to rise to the level of stating plausible claims for relief under either the Eighth Amendment or the First Amendment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). In these circumstances, dismissal under § 1915(e)(2)(B) remains appropriate—but under

5

subsection (e)(2)(B)(ii), which calls for dismissal for failure to state a claim upon which relief can be granted.[1]

We further conclude that Pittman's Third Amended Complaint was properly dismissed with prejudice. In the district court and on appeal, Pittman has contended that his allegations are sufficient, without further amendment, to state plausible claims under the Eighth and First Amendments. And although he did ask for leave to file a Fourth Amended Complaint, he sought only to add an *additional* claim under the FTCA. He did not propose any amendment to the allegations in his Third Amended Complaint supporting his constitutional claims. *See Requena v. Roberts*, 893 F.3d 1195, 1204 & n.3 (10th Cir. 2018) (requiring "a written motion for leave to amend, *giving adequate notice of the basis of the proposed amendment*" (emphasis added)). We therefore need not address whether further amendment of his constitutional claims would be futile before affirming dismissal of Pittman's complaint with prejudice. *See id.*

---

[1] We note that in reviewing previous cases dismissed by the district court pursuant to 28 U.S.C. § 1915(e)(2)(B), we have emphasized the distinction between the frivolousness standard in subsection (e)(2)(B)(i) and the "fails to state a claim on which relief may be granted" standard in subsection (e)(2)(B)(ii). *See, e.g.*, *Johnson v. Raemisch*, 763 F. App'x 731, 732-33, 734-35 (10th Cir. 2019) (affirming dismissal of claims the district court deemed legally frivolous on alternative ground that they failed to state a claim); *Johnson v. Doe*, 741 F. App'x 573, 575-76 (10th Cir. 2018) (same); *Fletcher v. Schwartz*, 745 F. App'x 71, 72, 73-74 (10th Cir. 2018) (same); *see also Ward v. Lutheran Med. Ctr.*, 769 F. App'x 595, 597-599 (10th Cir. 2019) (reversing dismissal of claim deemed legally frivolous by the district court); *Thompson v. Lengerich*, 798 F. App'x 204, 208, 214 (10th Cir. 2019) (reversing dismissal of claims deemed legally frivolous on screening under 28 U.S.C. § 1915A(b)(1)). The district court did not apply the distinction.

6

Finally, Pittman fails to show that the district court abused its discretion in denying him leave to file a Fourth Amended Complaint to add an FTCA claim.[2]

## III. Conclusion

The district court's judgment is affirmed. We grant Pittman's motion for leave to proceed on appeal without prepayment of fees and costs but remind him of his obligation to continue to make partial payments until such fees and costs have been pain in full.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2] To the extent that Pittman advances arguments of error in the district court's denial of his motion under Federal Rule of Civil Procedure 60(b), we lack jurisdiction to consider his contentions. Pittman failed to amend his notice of appeal or file a new notice of appeal after the district court denied that motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1008-09 & n.4 (10th Cir. 2018).