**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHLOE LUCERO,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 20-2005
(D.C. No. 2:19-CV-01064-RB-CG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, Circuit Judge, **LUCERO**, Senior Circuit Judge, **PHILLIPS**, Circuit Judge.
_____

Chloe Lucero brought a lawsuit against the United States alleging that the Attorney General had violated her rights under the Fifth, Eighth, Ninth, and Thirteenth Amendments, as well as various statutes, as part of a conspiracy to overthrow the United States government. She appeals the district court's judgment dismissing her pro se complaint without prejudice under 28 U.S.C.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Lucero's complaint alleged that "[t]he office of the Attorney General and his assigned" had "declar[ed] as rebels certain U.S. Persons, particularly complainant" and had

> engag[ed] against them by use of torture . . . using them unlawfully as subjects in human medical experiments, and trafficking as slaves, enforced by punishment of torture as cruel and unusual punishment, depriving them of rights of Citizenship, fair & equal access to the electoral process, without due process, and under color of law, and by fraud.

She asserted that these acts were "at the behest of, [and] in cooperation with[] and support of" "the British Crown" and "the Dutch Crown" "for the overthrow of the U.S. Constitution & Government in favor thereof." Lucero further alleged that the defendants had unlawfully enforced certain statutes, including, among others, the Central Intelligence Agency Act of 1949, the National Security Act of 1947, the USA Patriot Act of 2001, and Title 8 of the United States Code, all in furtherance of an unlawful conspiracy.

After granting Lucero's motion to proceed in forma pauperis (IFP), the district court screened her complaint pursuant to § 1915(e)(2). It held that, although her complaint indicated the constitutional provisions that the defendants had allegedly violated, it "fail[ed] to state with any particularity what each of the unnamed Defendants did to Plaintiff, when the Defendants committed those alleged unspecified actions, or how those actions harmed Plaintiff." Lucero v. United States,

2

No. 2:19-CV-01064, 2019 WL 6618061, at *2 (D.N.M. Dec. 5, 2019). The court noted it had recently explained to Lucero, in another case she had filed in the same court, how to properly state a claim for relief. It held it would be futile to allow Lucero an opportunity to amend because she had "ignored the Court's explanation and filed a Complaint which fails to state a claim." Id. The court then dismissed her complaint in this case without prejudice.

## II

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). We apply the same standard of review as we would in a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Id. "In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. at 1218 (quotation omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. at 1217 (quotation omitted).

We liberally construe Lucero's pro se complaint. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But a broad reading of her complaint "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. And although "[n]ot every fact must be described in specific detail, . . . conclusory allegations without supporting factual averments are

3

insufficient to state a claim on which relief can be based." Id. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [s]he must provide such facts if the court is to determine whether [s]he makes out a claim on which relief can be granted." Id.

The district court did not err in holding that Lucero's complaint lacked sufficient factual allegations to state a claim on which relief may be granted. We have stated that "a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; [and] how the defendant's action harmed [the plaintiff]." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007) (describing what it means to provide "a short and plain statement" as required by Federal Rule of Civil Procedure 8); see also Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (noting that in cases alleging claims against individual government actors "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom" (emphasis in original)). Lucero's complaint included insufficient facts alleging the who, what, and when underlying her conclusory allegations of constitutional violations.

On appeal, Lucero largely fails to address the district court's basis for dismissing her complaint. She asserts that, in stating the manner and means of effecting the object of a conspiracy, an indictment need not include the particular time, place, and circumstances, details that may instead be provided in a separate bill of particulars. For this proposition Lucero cites Glasser v. United States, 315 U.S. 60 (1942). But Glasser ruled on the sufficiency of a criminal indictment, see id. at 66,

4

rather than a civil complaint, the sufficiency of which is governed by Rule 8.  See

Nasious, 492 F.3d at 1163.  Like all other civil litigants, Lucero must comply with

Rule 8.  See Kay, 500 F.3d at 1218 (stating "this court has repeatedly insisted that

pro se parties follow the same rules of procedure that govern other litigants"

(quotation omitted)).

We construe Lucero's statements regarding a bill of particulars as asserting

that, given the opportunity, she could file an amended complaint with sufficient

factual allegations.  But nothing in her 29-page appeal brief indicates that she could

or would do so.  While she asserts that she "has been toiling exhaustively on collating

the facts of this case since the original pleadings," she does not describe the specific

facts regarding the acts and the actors responsible for the alleged constitutional

violations that she would add to her complaint.  She instead makes additional

conclusory allegations against unspecified defendants, despite having been advised—

in this case and the previous case noted by the district court—of the necessity to

plead the facts supporting her claims.  We therefore conclude that the district court

did not err in holding that it would be futile to allow Lucero an opportunity to amend

her complaint.

**III**

The district court's judgment is **AFFIRMED**.  Lucero's renewed motion to appoint counsel and her second renewed motion to appoint counsel are both denied.

Entered for the Court


Carlos F. Lucero
Senior Circuit Judge