FILED
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**January 15, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

KAYLA S. BIVINGS,

    Plaintiff - Appellant,

v.

ARAPAHOE DEPARTMENT OF
HUMAN SERVICES, COLORADO;
DARLENE LOCKE, in her official
capacity, employee of Arapahoe
County Department of Human Services
as the client coordinator, Arapahoe
County Board of Commissioners,

    Defendants - Appellees.

No. 24-1318
(D.C. No. 1:24-CV-01519-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Ms. Kayla S. Bivings filed four versions of her complaint. The

district court dismissed the first three versions for failure to provide a

short and plain statement of the claim and jurisdiction. *See* Fed. R. Civ.

---

[*]    Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and Ms. Bivings' appeal brief. *See*
Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

P. 8(a)(1)–(2). After three dismissals, Ms. Bivings filed a fourth version of the complaint, which the district court again regarded as deficient for failure to state a valid claim. *See* Fed. R. Civ. P. 8(a)(2). This time, the district court dismissed not only the complaint but also the action itself. Ms. Bivings appealed, and we affirm.

In reviewing the dismissal, we apply the abuse-of-discretion standard. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Under this standard, Ms. Bivings must tell us how the district court erred. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Instead of saying how the court erred, however, Ms. Bivings insists that her underlying claims are meritorious. But the district court dismissed the action for failure to provide a short and plain statement of the claim, not for an inability to show a violation of her rights.

In dismissing the action, the district court didn't abuse its discretion. Ms. Bivings had an obligation to say what each defendant had done, when the defendant did it, what the harm was, and what the underlying legal right was. *Nasious*, 492 F.3d at 1163. The district court dismissed her first three complaints partly for failing to do so. Nonetheless, the district court recognized that Ms. Bivings was pro se. So the court explained to Ms. Bivings that she needed to clearly and specifically say what each

2

defendant did, when it was done, and how the action resulted in a legal violation.

In the fourth version of the complaint, however, Ms. Bivings again failed to heed the court's instruction. For example, Ms. Bivings said that her child's medical issues had been mishandled. But Ms. Bivings didn't say which defendants were responsible. Ms. Bivings also said that some state employees had divulged her personal information. But Ms. Bivings again failed to specify any responsible defendants. So the district court didn't abuse its discretion by dismissing the action after instructing Ms. Bivings and giving her multiple opportunities to correct the deficiencies. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Because Ms. Bivings hasn't said how the district court erred, we affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge