**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DAVID J. GOTTORFF,

    Plaintiff - Appellant,

v.

ANDRES MICHELICH; SHANE
SCHMALZ; TAMMY STROUP;
SHELLY KUHLMAN; BERNIE
CHISM; SPENCER FULLER; ERIN
GRAHAM; DANIEL RICHARDS;
SETH RYAN; COLLIN REECE;
CHARLES SHACKELFORD; KURT
BECKENHAUER; CORY JACKSON,

    Defendants - Appellees.

No. 24-1416
(D.C. No. 1:23-CV-02384-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.

_____

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Confined in a Colorado prison, David J. Gottorff filed this lawsuit on his own behalf under 42 U.S.C. §§ 1983 and 1985. He sued several defendants, some of them private individuals, others municipal officials, still others state officials. He amended his complaint twice before the district court dismissed it. The district court dismissed the claims against two state judges and one prosecutor with prejudice based on absolute immunity. It dismissed the claim against a state official without prejudice based on Eleventh Amendment immunity. And it dismissed the remaining claims without prejudice for failure to comply with Federal Rule of Civil Procedure 8. Mr. Gottorff appeals. We conclude the claims against the prosecutor should have been dismissed without prejudice, but we otherwise affirm.

## I

The allegations in the second (operative) complaint are difficult to decipher. As detailed below, the procedural history of this case demonstrates the district court's substantial effort to guide Mr. Gottorff's complaint to comply with the law applicable to civil pleadings.

A magistrate judge found Mr. Gottorff's initial complaint deficient and, in a 10-page order, outlined the shortcomings and directed him to file an amended complaint. Mr. Gottorff filed an amended complaint, but the magistrate judge then found it lacking too. Although the complaint leveled

2

"myriad allegations," the magistrate judge concluded, it failed to make clear "what, exactly, each defendant actually did, and how his or her actions amounted to a violation" of Mr. Gottorff's rights. R. at 112. And so the magistrate judge ordered Mr. Gottorff to file a second amended complaint.

The second amended complaint listed thirteen defendants. It attempted to present claims that defendants had tampered with a state jury, conspired to deprive Mr. Gottorff of his civil rights, abused state protection-order and criminal-justice processes, improperly used the criminal-justice system to intimidate Mr. Gottorff, and improperly issued protection orders against him and presided over criminal proceedings against him.

The magistrate judge recommended that the claims against two state judges be dismissed with prejudice because of judicial immunity, that the claims against a prosecutor be dismissed with prejudice because of prosecutorial immunity, that the claim against a state official be dismissed without prejudice because of Eleventh Amendment immunity, and that the remaining claims be dismissed without prejudice for failure to comply with Rule 8.[1] The complaint violated Rule 8, the magistrate judge concluded,

---

[1] Federal Rule of Civil Procedure 41(b) allows a district court to dismiss a complaint that fails to comply with Rule 8. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

because it lacked "a short and plain statement" of the claims showing an entitlement to relief. R. at 157. The complaint's factual allegations were, in the magistrate judge's view, "vague, conclusory, and difficult to follow." *Id.*

The district court adopted the magistrate judge's recommendations. It also denied Mr. Gottorff's motion for leave to file a third amended complaint, concluding that it would be futile to allow another amendment because the proposed complaint still violated Rule 8 despite several prior attempts to amend. Mr. Gottorff timely appeals.

## II

Mr. Gottorff represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In addition to filing a brief arguing against the district court's judgment, Mr. Gottorff also filed a petition for a writ of mandamus, asking us to direct the district court to enter a temporary restraining order and hold a hearing on his motion for a preliminary injunction. Mandamus relief is not available to him because he has another way – this appeal (should he prevail) – to obtain the relief he seeks. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009). Mindful of our duty to construe his filings liberally, however, we will also consider the arguments against the district court's judgment raised in his mandamus petition in our evaluation of his appeal.

4

## A

Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint's allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). At bottom, a plaintiff's "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). That information gives "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

Mr. Gottorff makes only a cursory argument against the district court's conclusion that his complaint violated Rule 8. He insists the facts alleged in his complaint are "undisputable." Aplt. Br. at 7. And he contends that, construed liberally, his complaint complied with Rule 8. These arguments, however, do not address the fundamental problem the district court identified with the complaint – its "vague" and "conclusory" factual allegations failed to set out a short and plain statement of the claims. R. at 157.

We review the district court's dismissal for failure to comply with Rule 8 for an abuse of discretion, *see Nasious*, 492 F.3d at 1161, and we see no

such abuse here. We agree with the district court that the allegations in the second amended complaint, even when construed liberally, fall well short of what Rule 8 requires. The complaint consistently fails to identify what specific actions the defendants took to violate Mr. Gottorff's rights. An example illustrates the problem: the complaint alleges that an investigator at a local sheriff's office "provided significant aid" to others' efforts to commit perjury and have Mr. Gottorff arrested and charged with a crime. R. at 130. Yet the complaint fails to articulate what concrete action the investigator took to aid those efforts. Faced with inadequate factual allegations like that example, the district court committed no error when it dismissed the bulk of the complaint for failure to comply with Rule 8.

**B**

We review de novo the district court's dismissals based on absolute prosecutorial immunity, absolute judicial immunity, and Eleventh Amendment immunity.[2] *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1195

---

[2] Mr. Gottorff arguably waived our review of his immunity arguments because he failed to include them in his objections to the magistrate judge's recommendation. *See Griffith v. El Paso Cnty.*, 129 F.4th 790, 805–06 (10th Cir. 2025) (describing our circuit's firm-waiver rule). But our firm-waiver rule is not jurisdictional, and under the circumstances of this case, we elect to review Mr. Gottorff's arguments against the district court's immunity rulings. *See Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008).

(10th Cir. 2010) (absolute immunity); *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 735 (10th Cir. 2024) (Eleventh Amendment immunity).

**1**

A prosecutor is immune from suit "for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007). But prosecutorial immunity generally does not cover "those actions that are investigative or administrative in nature." *Id.* at 1262.

Mr. Gottorff claimed that a state prosecutor had conspired to commit jury tampering in a prosecution against him. He also claimed that the prosecutor instructed an agent of the Colorado Bureau of Investigation not to investigate a crime Mr. Gottorff had reported.

We agree with Mr. Gottorff only that the district court should not have dismissed the claims against the prosecutor based on absolute immunity. Determining whether immunity applies to a prosecutor's conduct "is not always easy." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1209 (10th Cir. 2022) (internal quotation marks omitted). And Mr. Gottorff's complaint leaves open what exactly the prosecutor did to merit this allegation and claim. In other words, the complaint lacked sufficient facts and information about the prosecutor's actions to allow an immunity determination one way or the other. For that reason, the district court erred by dismissing the

claims against the prosecutor on that ground. The court should have instead included the claims against the prosecutor in its dismissal without prejudice for failure to comply with Rule 8.

**2**

A judge acting in an official capacity is immune from civil-rights suits "unless the judge acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).

Mr. Gottorff sued the two state judges because they entered protection orders against him and presided over criminal proceedings against him. The judges' immunity against these claims is clear. Arguing otherwise, Mr. Gottorff highlights that his claims against the judges sought only injunctive relief. But judicial immunity generally applies not only to claims for damages but also to claims for injunctive relief. *See* § 1983; *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006). The district court did not err by dismissing the claims against the state judges based on immunity.

**3**

The Eleventh Amendment precludes claims for damages against state officers in their official capacities. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). For that reason, the district court dismissed Mr. Gottorff's claim for damages against a state officer in his official capacity. Mr.

Gottorff's cursory claim that the district court's decision was wrong does nothing to undermine the ruling.

## C

If the second amended complaint was deficient, Mr. Gottorff says, then the district court should have allowed him to file a third amended complaint. In fact, Mr. Gottorff argues, the court had no authority to deny another amendment because no responsive pleading had been filed. But a party may amend its pleading only *once* as a matter of course, so Mr. Gottorff is mistaken to the extent he contends that he needed no leave from the court to file a third amended complaint. *See* Fed. R. Civ. P. 15(a). Mr. Gottorff never develops an argument against the district court's reasons for denying leave to file a third amended complaint, so he has waived any challenge to the court's analysis. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (2005) (recognizing that inadequately briefed issues will be deemed waived).

## D

Mr. Gottorff makes several arguments addressing his motions for a temporary restraining order and for a preliminary injunction. The district court denied the motions as moot once it dismissed the complaint. Mr. Gottorff makes no attempt to explain why the motions were not moot, so he has waived any challenge to the district court's rulings. *See id.*

**E**

Mr. Gottorff asserts that the district court should have exercised supplemental jurisdiction over his state-law claims and that its dismissal order violates 42 U.S.C. § 1988(a). But he develops no argument supporting these assertions, so we will not address them. *See Garrett*, 425 F.3d at 841.

**III**

We grant Mr. Gottorff's motion to proceed without prepaying costs or fees. We deny his petition for a writ of mandamus and his separate motion requesting mandamus relief. We vacate the district court's dismissal with prejudice of the claims against the prosecutor, and we remand with instructions to dismiss those claims without prejudice for failure to comply with Rule 8. We otherwise affirm.

Entered for the Court

Richard E.N. Federico
Circuit Judge

10