**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 24, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

WALTER JOHNSON,

    Plaintiff - Appellant,

v.

SPECIAL INVESTIGATION SERVICE
LT. GONZALES; PSYCHOLOGY
MEGAN STEVENS,

    Defendants - Appellees.

No. 25-1321
(D.C. No. 1:25-CV-00987-LTB-RTG)
(D. Colo.)

---

### ORDER AND JUDGMENT[*]

---

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

---

Walter Johnson is a federal prisoner at the administrative maximum security (ADMAX) prison in Florence, Colorado. Proceeding pro se, he sued defendants in their individual capacities, requesting money damages under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court allowed Mr. Johnson to proceed in forma pauperis under 28 U.S.C. § 1915, and a magistrate judge reviewed his complaint under 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B).  The magistrate judge concluded the complaint did not comply with Federal Rule of Civil Procedure 8 and ordered Mr. Johnson to file an amended complaint.  He did so.  Yet the factual allegations in his amended complaint were essentially the same as those asserted in his first complaint.  They state, in their entirety:

> SiS [presumably, Special Investigation Service] Lt. [G]onzalez and psychology, Stevens contributed to deprive me the credit to reduce my time in maximum confinement.
>
> When this happen[ed]:  January 6, 2020 medical J. Seroksi, PA-C let SiS Lt. [G]onzalez and Psychology, Stevens know I was on some medication for urinary straining but still SiS Lt. [G]onzalez sent the U.A. test I can't take to make sure I get a incident report to not get the credit to reduce my time, in Florence A.D.X. maximum confinement.
>
> [H]ow it harmed me: Abuse of Authority trying to intimidate me what medical say don't mean nothing all because I won't be a informant for SiS but SiS Lt. [G]onzalez tell me just help him out he will take me off the piss test indefinitely.
>
> What rights got violated: Eighth Amendment
>
> I'm challenging condition[s] of confinement.

R. at 60.

The magistrate judge concluded the amended complaint did not comply with Rule 8 because its allegations were "vague and difficult to understand," and "failed to explain, in a clear and understandable way, what exactly each named Defendant did to violate [Mr. Johnson's] rights."  R. at 71, 72.  The magistrate judge therefore recommended Mr. Johnson's action be dismissed without prejudice under Federal

2

Rule of Civil Procedure 41(b). The district court adopted that recommendation, overruling Mr. Johnson's objections. Mr. Johnson timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review dismissal under Rule 41(b) for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). "The abuse-of-discretion standard is deferential, and we will not disturb the trial court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Chieftain Royalty Co. v. EnerVest Energy Institutional Fund XIII-A, L.P.*, 166 F.4th 34, 40 (10th Cir. 2026) (internal quotation marks omitted).

We liberally construe Mr. Johnson's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we will not act as his advocate or make arguments for him. *See id.* And he must follow the same rules of procedure as other litigants. *See id.*

Mr. Johnson has not shown the district court abused its discretion. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to provide "a short and plain statement of [each] claim showing that the pleader is entitled to relief." Rule 8(d)(1) adds "[e]ach allegation must be simple, concise, and direct." "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). A complaint therefore must give "enough factual detail to provide fair notice of what the claim is and the grounds upon which it rests."

3

*Jacobs v. Salt Lake City Sch. Dist.*, 154 F.4th 790, 804 (10th Cir. 2025) (ellipsis and internal quotation marks omitted).  "[F]ailure to satisfy Rule 8 can supply a basis for dismissal" under Rule 41(b).  *Nasious*, 492 F.3d at 1161.  Because the district court allowed Mr. Johnson to amend his complaint and dismissed his claims without prejudice, no particular procedure was required.  *See id.*

Mr. Johnson maintains his amended complaint adequately complied with Rule 8 because he said what each defendant did, when they did it, how he was harmed, and what rights were violated.  But he does not explain how his allegations were sufficiently "direct" to comply with Rule 8(d)(1) or offer a "plain statement" showing he is entitled to relief as required by Rule 8(a)(2).  He states he was allowed to proceed in a different case where his complaint "used the same format and arrangements."  Aplt. Opening Br. at 2.  But he does not identify the other case or explain how the ruling there would show the district court abused its discretion here.  *See generally Owens v. Unified Gov't of Wyandotte Cnty. & Kansas City*, 100 F.4th 1177, 1182 n.2 (10th Cir. 2024) (stating that "another district court's discretionary decision . . . cannot establish that [this] district court necessarily abused its discretion by reaching the opposite conclusion") (reviewing decision to grant a mistrial).

Reviewing the district court's ruling deferentially for abuse of discretion, we cannot say it made a "clear error of judgment or exceeded the bounds of permissible choice."  *Chieftain Royalty*, 166 F.4th at 40 (internal quotation marks omitted).  We therefore affirm.  We grant Mr. Johnson's application to proceed without

prepayment of the filing fee and remind him he must make partial payments until it is paid in full.

Entered for the Court


Veronica S. Rossman
Circuit Judge